J-S52013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY MICHAEL MERWARTH | : | |
| | : | |
| Appellant | : | No. 1538 EDA 2019 |

Appeal from the PCRA Order Entered May 13, 2019
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000047-2014

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED:  MARCH 15, 2021**

Appellant, Timothy Merwarth, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The only issue on appeal is whether the PCRA court erred by determining that trial counsel was not ineffective for failing to call character witnesses at Appellant's sentencing hearing. Appellant's appointed counsel has filed an application to withdraw from representation and a corresponding no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Because we agree with counsel and the PCRA court that Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

ineffectiveness claim has no merit, we grant counsel's application and affirm the PCRA court's order denying the PCRA petition.

When we review the denial of a PCRA petition, we examine whether the PCRA court's determinations are supported by the record and free of legal error. **See Commonwealth v. Roney**, 79 A.3d 595, 603 (Pa. 2013). The PCRA court's credibility determinations, when supported by the record, are binding on this Court. **See id.** However, we apply a *de novo* standard of review to the PCRA court's legal conclusions. **See id.**

Appellant began sexually assaulting his step-daughter when she was sixteen years old. He videotaped some of the assaults. Eventually, Appellant pled *nolo contendere* to involuntary deviate sexual intercourse[1] and pled guilty to two counts of sexual abuse of children (videotaping and possession of child pornography), corruption of minors and endangering the welfare of a child.

A joint sexually violent predator and sentencing hearing was held on October 19, 2015. Following the testimony of psychiatrist Dr. Veronique Valliere, the trial court found that Appellant was a sexually violent predator by clear and convincing evidence. Appellant's daughter then testified, recounting her own abuse at the hands of her father. Appellant read a statement on his own behalf, but no character witnesses testified for Appellant.

---

[1] The trial court later granted a motion to withdraw the *nolo contendere* plea to involuntary deviate sexual intercourse.

- 2 -

The trial court sentenced Appellant to an aggregate term of 13 to 26 years' imprisonment. Appellant filed a notice of appeal, and this Court affirmed the judgment of sentence. Our Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed a *Turner/Finley* no-merit letter and an application to withdraw. However, the PCRA court denied counsel's application because it found that Appellant was entitled to a hearing on one of the claims raised in the PCRA petition. Specifically, the court ordered that a hearing be held regarding Appellant's claim that counsel was ineffective for failing to call character witnesses at his sentencing hearing. The court directed counsel to file an amended PCRA petition on this singular issue, and counsel complied.

The court held a hearing on Appellant's ineffectiveness claim on May 13, 2019. Appellant testified at the hearing that he had asked trial counsel to contact his father and a former neighbor about being character witnesses at his sentencing hearing. Trial counsel testified at the hearing that he did not have a recollection of that conversation. *See* N.T. PCRA Hearing, 5/13/19, at 25-26, 28.

Appellant's father testified at the PCRA hearing. He testified that he only learned about the charges filed against Appellant through a newspaper article. *See id.* at 20. He recounted that, at the time of Appellant's sentencing, he only spoke with Appellant about once a month and did not see him often. *See*

*id.* at 21. He also testified that he did not know any of Appellant's children well and had little idea of what was happening in Appellant's life. *See id.* at 22-23. The former neighbor did not testify at the PCRA hearing or file an affidavit.

The following day, the PCRA court dismissed the PCRA petition. Appellant filed a timely notice of appeal. Counsel filed a court-directed Pa.R.A.P. 1925(b) statement of matters complained of on appeal which contained the sole ineffectiveness claim that was the subject of the hearing.[2]

On appeal, counsel has filed another application to withdraw from representation. This Court has clearly set forth the procedural prerequisites that counsel must meet before being permitted to withdraw. Counsel seeking to withdraw from PCRA representation must file a *Turner/Finley* no-merit letter which details counsel's diligent review of the case, lists the issues the appellant wishes to be reviewed, explains why those issues lack merit, and requests permission to withdraw. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

In addition, counsel must send the appellant a copy of the no-merit letter, a copy of the application to withdraw, as well as a statement advising

---

[2] Appellant nonetheless filed a *pro se* Pa.R.A.P. 1925(b) statement raising additional issues one day before his counsel filed a statement. As counsel had not yet indicated a desire to withdraw on appeal, Appellant's filing could not act to preserve any issue for our review. *See Commonwealth v. Williams*, 241 A.3d 353, 355 (Pa. Super. 2020) (stating that *pro se* filings submitted by counseled appellants are generally considered to be legal nullities).

the appellant of his right to proceed with new counsel or *pro se*. **See id**. If counsel meets these procedural prerequisites, this Court will then conduct its own review of the merits of the appeal. **See id.** Only if we agree with counsel that the claims lack merit will we permit counsel to withdraw and deny relief. **See id.**

Here, counsel has complied with the procedural prerequisites of **Turner/Finely.** He filed an application to withdraw and a no-merit letter detailing the nature of his review of the case, listing the issue sought to be reviewed, explaining why the issue lacks merit, and requesting permission to withdraw. **See Turner/Finley** letter, 12/6/19; Motion to Withdraw, 12/6/19. Counsel also sent Appellant a copy of the no-merit letter and the application to withdraw, as well as a statement advising Appellant of his right to proceed with new counsel or *pro se*. Because counsel has complied with the necessary procedural prerequisites, we turn to the merits of Appellant's claim that counsel was ineffective for failing to call character witnesses at his sentencing hearing.

Counsel is presumed to have been effective. **See Commonwealth v. Brooks**, 839 A.2d 245, 248 (Pa. 2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, Appellant must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that because of the act

or omission in question, the outcome of the proceeding would have been different. *See id.*

In addition, because Appellant is arguing that counsel was ineffective for failing to call a witness, he must also demonstrate that: (1) the witness existed; (2) counsel was either aware of or should have been aware of the witness's existence; (3) the witness was able and willing to cooperate with the defense; and (4) he was prejudiced by the absence of the proposed testimony. *See Commonwealth v. Tharp,* 101 A.3d 736, 757 (Pa. 2014). To establish such prejudice, Appellant must show that the uncalled witness's testimony would have been helpful to his defense. *See Commonwealth v. Williams*, 732 A.2d 1167, 1189 (Pa. 1999); *Commonwealth v. Matias*, 63 A.3d 807, 811 (Pa. Super. 2013).

Here, in rejecting Appellant's claim that counsel should have called his father at his sentencing hearing, the PCRA court stated:

> [A]ppellant's father … had limited contact with the appellant. He provided almost no insight into the appellant's character. He admitted he didn't know what was going on in the appellant's life.

PCRA Court Opinion, 7/29/2019, at 5. The court continued:

> It is only necessary to address the prejudice prong to demonstrate the lack of merit of the appellant's PCRA petition. The presence of [the father] would not have altered the sentence imposed upon the appellant. His testimony at the PCRA hearing was not compelling, and in light of his limited interaction with the appellant, his absence at the sentencing proceedings did not prejudice the appellant.

*Id.* at 6.

We agree with the PCRA court that Appellant has failed to establish that his father's testimony at the sentencing hearing would have been helpful to his case and therefore that he was prejudiced by the absence of that testimony. Accordingly, we discern no error regarding the PCRA court's determination that counsel was not ineffective for failing to call Appellant's father at his sentencing hearing.

In terms of Appellant's assertion at the PCRA court hearing that he also asked counsel to call his former neighbor to testify about his character, the PCRA court noted that Appellant did not present the testimony of the neighbor at the PCRA hearing. We also note that Appellant did not submit an affidavit from the neighbor asserting that she would have testified on behalf of Appellant or exactly what such testimony would have been. This Court has made clear that counsel will not be deemed ineffective for failing to call a witness where an appellant fails to provide an affidavit from the alleged witness indicating their availability and willingness to cooperate with the defense. *See **Commonwealth v. Khalil***, 806 A.2d 415, 422 (Pa. Super. 2002). Accordingly, Appellant has also failed to establish that counsel was ineffective for failing to call the neighbor at his sentencing hearing.

We agree with the PCRA court that counsel was not ineffective for failing to call character witnesses at sentencing. Moreover, our own review of the record fails to uncover any other potentially meritorious issues which Appellant could have raised on appeal. As such, we affirm the PCRA court's order

denying Appellant's PCRA petition and grant counsel's application to withdraw from representation.

Order affirmed. Application to withdraw from representation granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/21