J-S23042-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEROME MARSHALL, | : | |
| | : | |
| Appellant | : | No. 1 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 30, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1117211-1983

BEFORE:    LAZARUS, J., KUNSELMAN, J. and COLINS, J.*

MEMORANDUM BY COLINS, J.:                **FILED OCTOBER 15, 2021**

Appellant, Jerome Marshall, appeals from the judgment of sentence of three consecutive terms of life imprisonment imposed upon his resentencing on October 30, 2019.  After review, we affirm.

The specific facts surrounding Appellant's convictions and the extensive procedural history are not relevant to this appeal.  Briefly, on August 29, 1984, a jury convicted Appellant of three counts of first-degree murder for the deaths of Myndie McKoy, Sharon Saunders, and Sharon's two-year old child, Karima Saunders.  The next day, the jury returned a life sentence for the murder of Sharon, and two death sentences for the murders of Myndie and Karima.  After exhaustive appeals in state court spanning decades, Appellant obtained partial federal *habeas corpus* relief on November 6, 2018, when a federal district court vacated his two death sentences, remanded to the

_____
*Retired Senior Judge assigned to the Superior Court.

Philadelphia Court of Common Pleas for resentencing, and denied all other relief.[1] **Marshall**, 03-CV-03308, 2018 WL 5801313, at *1. The Third Circuit Court of Appeals denied Appellant's request for a certificate of appealability, and the United States Supreme Court denied *certiorari* review. **Marshall v. Comm'r Pennsylvania Dep't of Corr.**, CV 18-9007, 2019 WL 12375286, at *1 (3d Cir. Aug. 14, 2019), *cert. denied*, 140 S.Ct. 882 (2020).

As a result, the trial court held a resentencing hearing on October 30, 2019. Because Appellant was subject to mandatory minimum life sentences for his three murder convictions, he acknowledged that he must be sentenced

---

[1] The Commonwealth "agreed to a conditional grant of [Appellant]'s writ of *habeas corpus* with respect to the death sentences imposed for the murders of Myndie McCoy and Karima Saunders. [The Commonwealth] further indicated that after consultation with the families of the victims, [it] would not seek new death sentences upon resentencing in state court." **Marshall v. Wetzel**, 03-CV-03308, 2018 WL 5801313, at *1 (E.D. Pa. Nov. 6, 2018). Thus, the federal district court held as follows:

> Specifically, there are 17 claims that relate to the death sentences imposed for the murders of Myndie McCoy and Karima Saunders that no longer need resolution. Accordingly, based upon [the Commonwealth's] concession, [the district court] grant[s] [Appellant] *habeas corpus* relief on those 17 claims and vacate[s] the death sentences for the murders of Myndie McCoy and Karima Saunders. Furthermore, [the district court] direct[s] that this case be remanded to the Court of Common Pleas of Philadelphia County for resentencing consistent with [the Commonwealth's] concession that [it] will not seek the death penalty upon resentencing.
>
> There are 16 claims that remain for decision by th[e district] court. … [The district court] den[ies] the remaining portions of [Appellant]'s *habeas corpus* petition.

*Id.* at *1-2 (footnotes omitted).

to life without the possibility of parole and asked the trial court to run "the two new life sentences concurrent to the one he is already serving." N.T., 10/30/19 (Resentencing), at 6. The Commonwealth, on the other hand, argued they should run consecutively.[2] *Id.* at 9-10. At the conclusion of the resentencing hearing, the court resentenced Appellant to two life sentences for the deaths of Myndie and Karima, to be served consecutively to each other and to the life sentence imposed for the death of Sharon.

On November 8, 2019, while still represented by counsel, Appellant filed *pro se* three documents: (1) a post-sentence motion for reconsideration of his sentence; (2) a notice of appeal; and (3) a motion to proceed *pro se*. The *pro se* notice of appeal was docketed in this Court on January 2, 2020. In light of Appellant's motion to proceed *pro se*, his counsel sought leave to withdraw in this Court on January 11, 2020. We held counsel's motion in abeyance and remanded for the trial court to rule on the motion to proceed *pro se*. After a hearing, the trial court denied the motion to proceed *pro se* on March 4, 2020, finding that Appellant had consulted with counsel, decided against proceeding *pro se*, and agreed to continued representation by counsel. On March 7, 2020, counsel then sought in this Court to withdraw her motion to withdraw as

_____

[2] The Commonwealth explained to the court that while the victims' families, who attended the resentencing hearing, believed Appellant should be sentenced to death, if he could not, they wanted Appellant to "get three consecutive life sentences for the heinousness of these crimes" because, after nearly four decades, they "want the case to be over." N.T., 10/30/19 (Resentencing), at 9-10.

counsel, and further requested this Court remand the case to allow the trial court to rule on Appellant's *pro se* post-sentence motion.

On March 11, 2020, instead of ruling on counsel's motion to withdraw her prior motion, this Court denied counsel's initial motion to withdraw in light of the trial's court's denial of the motion to proceed *pro se*. On April 2, 2020, this Court denied the application for remand and ordered Appellant to show cause as to why the instant appeal should not be quashed as interlocutory because there was no indication on the trial court docket that the trial court had entered an order regarding the post-sentence motion filed on November 8, 2019. Appellant's counsel responded on April 8, 2020, indicating that she had filed with the trial court a *praecipe* to enter an order denying Appellant's *pro se* post-sentence motion. On June 25, 2020, the trial court granted said *praecipe* and denied Appellant's *pro se* post-sentence motion. This Court discharged the rule to show cause on September 3, 2020, and referred the issue to this panel. The trial court did not order Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) and none was filed. The trial court filed its opinion on September 10, 2020.

In his sole issue on appeal, Appellant challenges the discretionary aspects of his sentence: "Did the trial court abuse its discretion in imposing consecutive life sentences after remand from a *habeas* petition in federal court?" Appellant's Brief at 5.

Preliminarily, we address the propriety of Appellant's filing of a notice of appeal and post-sentence motion, which were filed *pro se* while Appellant was represented by counsel, and were filed on the same day before the post-sentence motion was disposed of by the trial court or denied by operation of law. These filings implicate the jurisdiction of this Court. ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). When a timely post-sentence motion is filed, the judgment of sentence is not final for purposes of appeal until the trial court disposes of the motion or the motion is denied by operation of law. ***Borrero***, 692 A.2d at 159; ***see also*** Pa.R.Crim.P. 720, Comment ("No direct appeal may be taken by a defendant while his or her post-sentence motion is pending."). When an appellant files a notice of appeal before the court has ruled on a timely post-sentence motion, the judgment of sentence is not final, and the appeal is interlocutory. ***Borrero***, 692 A.2d at 160. The proper remedy is for this Court to quash the appeal, relinquish jurisdiction, and remand for the trial court to consider the post-sentence motion *nunc pro tunc*. ***Id.*** at 161. However, if the trial court denies an appellant's post-sentence motion while an appeal is pending, we treat the premature notice of appeal "as having been filed after entry of [an] order denying post-sentence motions." ***Commonwealth v. Ratushny***, 17 A.3d 1269, 1271 n.4 (Pa. Super. 2011).

In the instant case, the trial court filed an order on June 25, 2020, denying Appellant's *pro se* post-sentence motion. Thus, we ordinarily would

treat this appeal as having been filed after the trial court denied Appellant's

post-sentence motion. However, our inquiry does not end here because

Appellant's *pro se* post-sentence motion was filed while he was represented

by counsel.

> This Court has explained the following:
>
> As hybrid representation is not permitted in the Commonwealth, our courts "will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (citing **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (finding *pro se* post-sentence motion filed while the appellant was represented by counsel was a legal nullity with no legal effect)).
>
> Generally, when a counseled defendant files a *pro se* document, courts do not act on the filing, but instead note it on the docket and forward it to counsel pursuant to Pa.R.Crim.P. 576(A)(4).

**Commonwealth v. Williams**, 241 A.3d 353, 354 n.1 (Pa. Super. 2020).

However, one exception is that a defendant represented by counsel may file

*pro se* a notice of appeal without offending the rules forbidding hybrid

representation. **Williams**, 151 A.3d at 624; **accord** Pa.R.A.P. 121(g)

(effective May 1, 2020) (providing, *inter alia*, that where there is counsel of

record, a party may file a *pro se* notice of appeal).[3]

Instantly, Appellant filed his *pro se* notice of appeal and post-sentence

motion on November 8, 2019. As noted, Appellant was permitted to file the

---

[3] Appellant filed his *pro se* notice of appeal before the effective date of Rule 121(g).

*pro se* notice of appeal even though he was represented by counsel. However, Appellant had no right to file the *pro se* post-sentence motion while represented by counsel, and thus, it was a nullity with no legal effect. **Nischan**, 928 A.2d at 355 ("Appellant had no right to file a *pro se* [post-sentence] motion because he was represented by counsel. This means that his *pro se* post-sentence motion was a nullity, having no legal effect."). Because Appellant's *pro se* post-sentence motion was a nullity, and his counsel did not file a post-sentence motion, Appellant's notice of appeal must have been filed within 30 days of his October 30, 2019 judgment of sentence, *i.e.*, November 29, 2019. **See** Pa.R.A.P. 903(a). Appellant's November 8, 2019 *pro se* notice of appeal was therefore timely filed. Accordingly, this appeal is properly before us.

We now turn to Appellant's issue on appeal. Our standard of review for a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Lekka**, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa.

Super. 2007) (citations and quotation marks omitted). Where an appellant challenges the discretionary aspect of a sentence, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence pursuant to Rule of Appellant Procedure 2119(f), Pa.R.A.P. 2119(f); and (4) whether the concise statement raises a substantial question that the sentence is not appropriate under the Sentencing Code.

> * * *

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Lekka*, 210 A.3d at 349 (citations, brackets, and quotation marks omitted).

While Appellant filed a timely notice of appeal and included in his brief the concise statement required by Rule 2119(f), *see* Appellant's Brief at 4, he failed to invoke our appellate review of his discretionary sentencing claim. First, no post-sentence motion having legal effect was filed, nor did he preserve the claim at the resentencing hearing.[4] Second, because Appellant was subject to mandatory minimum life sentences for his three murder

---

[4] Even if we could consider Appellant's purported motion filed *pro se*, we note that it failed to challenge any discretionary aspect of his statutorily mandated life sentences and instead sought a reduced sentence based on several mitigating factors. *Pro Se* Motion to Modify or Reconsider Sentence, 11/8/2019, at ¶¶ 1-6.

convictions,[5] the only discretionary aspect of Appellant's resentencing was whether the trial court imposed the life sentences to run consecutively or concurrently. Thus, even if Appellant had preserved such a claim, it would have failed to raise a substantial question that his sentence was not appropriate under the Sentencing Code. **Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018) ("We consistently have recognized that excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review.") (citations omitted). **See also Commonwealth v. Szczesniewski**, 591 A.2d 1055, 1057 (Pa. Super. 1991) ("Due to the nature of a life sentence, [three] consecutive life sentences are, in reality, no longer than [three] concurrent life sentences or, for that matter, one life sentence. All would require appellant to spend his life in prison."). Accordingly, we affirm his judgment of sentence.

Judgment of Sentence affirmed.

_____

[5] At the time of Appellant's convictions, the statute provided as follows:

**(a) First degree.--**

(1) A person who has been convicted of a murder of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree).

18 Pa.C.S. § 1102 (subsequently amended).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>10/15/2021</u>