J-S12026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                         :             PENNSYLVANIA
                                         :

             v.                            :
                                         :
                                         :

FREDERICK C. SISNEROS             :
                                         :

            Appellant           :     No. 1343 EDA 2021

Appeal from the Judgment of Sentence Entered March 16, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002835-2020

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                   **FILED MAY 13, 2022**

Frederick C. Sisneros appeals from the aggregate judgment of sentence of one year and ninety days to two years of incarceration after Appellant pled guilty to driving under the influence ("DUI") – highest rate of alcohol and for driving with a suspended license—DUI related. We affirm.

Appellant admitted the following facts at his guilty plea colloquy:

> On August 9, 2020, at approximately 1:18 a.m., Officer Nissen of the West Whiteland Police Department was on Pottstown Pike in Exton, Chester County, Pennsylvania. He observed a vehicle traveling northbound on the southbound side of the road. He effected a traffic stop and noted that the driver, who was [Appellant], had an odor of alcohol, admitted to consuming alcoholic beverages, and other indicia of impairment. Field sobriety tests administered indicated an impairment. [Appellant provided] a breath sample for blood alcohol concentration, which yielded a result of point 175 percent within two hours of driving. It was also noted by the Officer that [Appellant's] driver's license was DUI suspended at the time.

N.T. Guilty Plea Hearing, 3/6/21, at 2.

Appellant was arrested and charged with DUI - highest rate of alcohol, driving with a suspended license - DUI related, and associated charges. This was Appellant's third DUI charge in ten years. As part of a negotiated plea agreement, Appellant pled guilty to DUI – highest rate of alcohol, third offense, and driving with a suspended license – DUI related. In exchange, the Commonwealth withdrew the remaining charges and agreed to the mandatory minimum sentences for each count. *See* Written Plea Agreement, 3/15/21, at 3. Thus, the parties proffered to the court a sentence of ninety days and a mandatory $1,000 fine for the license suspension and a consecutive sentence of one to two years with five years' probation and a $2,500 fine for the DUI. *Id*; *see also* N.T. Guilty Plea Hearing, 3/16/21, at 5-6. Time credit, as specified in the written plea agreement, was also to be awarded. *See* Written Plea Agreement, 3/15/21, at 3. The location of the sentence was left to the court's discretion. N.T. Guilty Plea Hearing, 3/16/21, at 10.

After an oral colloquy, the trial court accepted the plea agreement and issued the aforementioned sentence. Thereafter, Appellant advocated to serve his sentence in Chester County prison so that he could be close to his parents. *Id*. at 12. The Commonwealth argued for a state sentence based on Appellant's lengthy criminal history, including the fact that he committed his third DUI "almost back to back" with the second one. *Id*. at 18. Also, the Commonwealth noted that prison visits were not currently allowed due to the COVID-19 pandemic. *Id*. While the Court agreed with Appellant that 75 Pa.C.S. § 3815(a) granted him the authority to order Appellant to serve his

sentence in the county prison, he nevertheless found that after "balancing everything out" a state sentence was "more appropriate." *Id*. at 14, 21-22. Accordingly, the trial court ordered Appellant to serve his sentence in a state facility. *Id*.

On March 23, 2021, Appellant *pro se* submitted a letter styled as a post-sentence motion asking the trial court to reconsider his request to serve his sentence in county prison. *See* Post-Sentence Motion, 3/23/21, at 1. This letter was docketed and served on trial counsel in accordance with the dictates of Pa.R.Crim.P. 576(A)(4), but counsel took no action. Even though trial counsel remained counsel of record, the trial court construed this filing as a timely post-sentence motion and scheduled a hearing. *See* Order, 4/8/21; *see also Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super. 2007) (finding *pro se* post-sentence motion filed while the appellant was represented by counsel was a legal nullity).

Prior to the post-sentence motion hearing, Appellant submitted two more *pro se* filings. On April 30, 2021, Appellant filed a *pro se* petition for time credit *nunc pro tunc*, seeking to add a claim to his post-sentence motion that he had not received credit for eighty-two days that he spent in Lancaster County Prison prior to his plea. *See* Petition for Time Credit, 4/30/21, at 1. Appellant also requested the appointment of conflict counsel to represent him at the upcoming post-sentence motion hearing. *Id*. at 6. On May 14, 2021, Appellant filed a *pro se* Motion for change of counsel, wherein he again asked

for the appointment of conflict counsel. *See* Motion for Change of Counsel, 5/14/21, at 1-2.

On May 28, 2021, the trial court held the post-sentence motion hearing. Trial counsel remained counsel of record and was present at the hearing. However, the post-sentence motion was litigated by Appellant *pro se* rather than by counsel. Counsel spoke only once in response to a direct question from the judge about how long he had been the public defender assigned to the judge's courtroom. N.T. Post-Sentence Motion Hearing, 5/28/21, at 12. The trial court referred to trial counsel as Appellant's attorney in the past tense and asked Appellant to explain why the court should appoint new counsel at this juncture. *Id*. at 2-3. Appellant argued that trial counsel was ineffective for failing to advocate for eighty-two days credit. Again, Appellant asked the court to move him to Chester County prison. *Id*. The Commonwealth provided the court with proof that most of the time Appellant requested had been credited to a different case before the court concluded the hearing by taking the matter under advisement. *Id*. at 12, 21.

On June 3, 2021, the trial court issued an order denying Appellant's request to serve his state prison sentence at Chester County prison, granting Appellant an additional six days of credit but denying the remainder of the application for time credit, and denying Appellant's request for the appointment of conflict counsel on the grounds that ineffectiveness claims must be postponed until collateral review. *See* Order, 6/3/21, at unnumbered 3 n.3. The court concluded the order by advising Appellant that he had thirty

days to file a notice of appeal, the right to assistance of counsel to prepare the appeal, and the right to proceed *in forma pauperis* with assigned counsel if he was indigent.  *Id*. at unnumbered 2.

On June 16, 2021, the court issued an order directing the Court Administrator to appoint the next available conflict counsel to represent Appellant, after the Office of the Public Defender determined "that a conflict exists between [Appellant] and the Office of the Public Defender."  *See* Order, 6/16/21.  The same day the court issued a second order appointing current appellate counsel to represent Appellant.

On June 29, 2021, appellate counsel filed a notice of appeal on Appellant's behalf.[1]  On June 30, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days.  On October 28, 2021, appellate counsel filed an untimely concise statement of matters complained of on appeal. Nevertheless, the trial court accepted the untimely statement and issued an

_____

[1] On June 21, 2021, Appellant filed a *pro se* notice of appeal and a motion to proceed on appeal *in forma pauperis*.  In the motion, Appellant alleged that, on June 7, 2021, he sent trial counsel correspondence requesting that he file an appeal on his behalf, but never received a response.  *See* Motion, 6/21/21, at 1.  Accordingly, he filed his notice of appeal *pro se* "in order to preserve his right to appeal".  *Id*. at 1-2.  On June 24, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal within twenty-one days.  Appellant never filed a response to the June 24th order and our court later dismissed the appeal as duplicative of the June 29th appeal.

- 5 -

opinion pursuant to Pa.R.A.P. 1925(a).[2]  Appellant raises the following issue

for our review:  "The Trial Court erred by not allowing [Appellant] to serve his

sentence at Chester County Prison under Title 75 Section 3804(d)."

Appellant's brief at 4.

Preliminarily, we must determine whether this appeal is timely, since

Appellant filed a timely *pro se* post-sentence motion at a time when trial

counsel was still designated as counsel of record in his case.  To perfect a

timely appeal, a defendant must file a notice of appeal within thirty days of

the imposition of his sentence, unless he filed a timely post-sentence motion

within ten days of sentencing, thereby tolling that thirty-day window.  **See**

Pa.R.A.P. § 903; Pa.R.Crim.P. § 720.  Generally, *pro se* filings submitted by

counseled defendants are treated as legal nullities that have no tolling effect.

**See Commonwealth v. Williams**, 241 A.3d 353, 355 (Pa.Super. 2020); **see**

**also** Pa.R.Crim.P. 576 cmt. ("The requirement that the clerk time stamp and

make docket entries of the filings in these cases only serves to provide a

record of the filing and does not trigger any deadline nor require any

---

[2] Typically, the failure to file and serve a timely Rule 1925(b) statement results in the waiver of all issues on appeal.  **See** Pa.R.A.P. 1925(b)(4)(vii).  However, pursuant to Pa.R.A.P. 1925(c)(3), when counsel in a criminal case files a late statement amounting to ineffectiveness *per se*, we may remand for a supplemental Rule 1925(b) statement or Rule 1925(a) opinion.  We need not remand here though, because the trial court had an adequate opportunity to and did indeed prepare an opinion addressing the issue raised in the untimely Rule 1925(b) statement.  **See Commonwealth v. Bruton**, 973 A.2d 428, 432-33 (Pa.Super. 2009) (*en banc*) (explaining that remand due to an untimely Rule 1925(b) statement was unnecessary where the trial court had an adequate opportunity to prepare an opinion addressing the issues being raised on appeal).

response"). Therefore, in that specific hybrid representation circumstance, a *pro se* notice of appeal filed after thirty days has passed from sentencing would be untimely. *Id*. However, we will not quash an appeal where the untimely filing of the notice of appeal was the result of an administrative breakdown in the court system. *See Commonwealth v. Stansbury*, 219 A.3d 157, 159-60 (Pa.Super. 2019) (declining to quash appeal where defect resulted from an appellant acting in accordance with misinformation relayed to him by the trial court.); *see also Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa.Super. 2007) (compiling Pennsylvania cases where we held that a breakdown occurred because the trial court relayed incorrect information to an appellant regarding his post-sentence and appellate rights).

At the time that Appellant filed the post-sentence motion he was still technically represented by trial counsel and had twenty-three days remaining to file a timely notice of appeal. However, the trial court's April 8, 2021 order failed to inform him that the post-sentence motion was a legal nullity. Instead, by scheduling a post-sentence motion hearing, the court's order misled Appellant into thinking that he had filed a valid post-sentence motion that had tolled the time he had to file a timely notice of appeal. As a result, we find that an administrative breakdown occurred. Accordingly, we excuse

the untimely filing of Appellant's notice of appeal.[3] **See Stansbury**, **supra** at 159-60.

In his sole claim, Appellant contends that the trial court abused its discretion by ordering Appellant to serve his sentence at a state correctional institution instead of Chester County prison, so that he could be closer to his "elderly and ill" parents. **See** Appellant's brief at 7. In support of his argument, Appellant relies on 75 Pa.C.S. § 3804(d), which provides that a sentence imposed in a DUI case "may, in the discretion of the sentencing court, be ordered to be served in a county prison[.]" **See** 75 Pa.C.S. § 3804(d).

Appellant challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court must determine:

_____

[3] The trial court's April 8, 2021 order may have been premised upon its belief that counsel had abandoned Appellant such that a *pro se* filing was valid. This Court has recognized that a counseled defendant may act on his own to protect important rights where counsel remains technically attached to the case but is no longer serving his client's interest. **See Commonwealth v. Leatherby**, 116 A.3d 73 (Pa.Super. 2015). Our review of the record reveals that there was, at a minimum, confusion as to whether Appellant was proceeding *pro se* or still represented by trial counsel in the immediate aftermath of sentencing. Furthermore, the trial court did not appoint new counsel in time for Appellant to preserve his post-sentence rights. Accordingly, principles prohibiting hybrid representation may not have been implicated, since Appellant appears to have acted in an unrepresented capacity leading up to and at the post-sentence motion hearing.

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S. § 9781(b).

*Id*. (citation omitted).

In the instant case, as discussed *supra*, Appellant filed a timely notice of appeal and preserved his claim in a timely post-sentence motion. However, he did not include in his appellate brief a separate Pa.R.A.P. 2119(f) statement. An appellant who seeks to challenge the discretionary aspects of the sentence imposed must provide a separate statement, specifying where the sentence falls in relation to the Sentencing Guidelines, what particular provision of the Sentencing Code has been violated, and the way in which it violates that provision. *Commonwealth v. Pollard*, 832 A.2d 517, 525 (Pa.Super. 2003). If the Commonwealth objects to a Rule 2119(f) omission, this Court is precluded from reviewing the merits of the claim and the appeal must be denied. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa.Super. 2004). As Appellant failed to include in his brief a separate Rule 2119(f) statement and the Commonwealth has objected, we are precluded from reviewing his discretionary sentencing claim. *See* Commonwealth's brief at 7 ("The Commonwealth objects to the failure to comply with Pa.R.A.P. 2119(f).").

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

*Date: 5/13/2022*