J-S38045-20

2020 PA Super 235

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                       :            PENNSYLVANIA
                       :
           v.            :
                       :
                       :
TIMOTHY WILLIAMS           :
                       :
         Appellant    :   No. 199 MDA 2020

Appeal from the PCRA Order Entered January 2, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0008303-2016

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:          **FILED SEPTEMBER 25, 2020**

     Appellant, Timothy Williams, appeals from the order entered by the Court of Common Pleas of York County dismissing without relief his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Appellant contends, *inter alia*, the PCRA court erred in dismissing his petition seeking reinstatement of post sentence rights *nunc pro tunc*.

     Appellant argues the PCRA hearing established that privately retained sentencing counsel's advisement to an insolvent Appellant to seek an alternate means of timely filing a post-sentence motion, while nevertheless remaining counsel of record, caused the trial court to nullify Appellant's timely *pro se* post-sentence motion as a product of hybrid representation.

---

[*] Former Justice specially assigned to the Superior Court.

After careful review of the record and controlling authority, we remand for reinstatement of Appellant's post-sentence rights.

On January 5, 2018, Appellant was found guilty of aggravated assault and possession of a firearm prohibited. On March 28, 2018, the trial court sentenced him to an aggregate term of six to 13 years' incarceration. With privately retained counsel still of record in the post-sentence phase, neither a counseled post-sentence motion nor a direct appeal was filed on Appellant's behalf.

Appellant, however, did file two timely *pro se* post-sentence letters with the court raising several challenges, but the trial court treated the filings as products of hybrid representation and forwarded them to counsel of record pursuant to Pa.R.Crim.P. 576(A)(4).[1] There is no indication of

_____

[1] As hybrid representation is not permitted in the Commonwealth, our courts "will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (citing **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (finding *pro se* post-sentence motion filed while the appellant was represented by counsel was a legal nullity with no legal effect)).

Generally, when a counseled defendant files a *pro se* document, courts do not act on the filing, but instead note it on the docket and forward it to counsel pursuant to Pa.R.Crim.P. 576(A)(4). Further, such "a *pro se* document has no tolling effect." **Williams**, 151 A.3d at 623 (quoting Pa.R.Crim.P. 576 cmt. which states "[t]he requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response").

record that counsel informed the court that he no longer represented Appellant.

Appellant filed a *pro se* PCRA petition on June 29, 2018. Counsel was appointed on July 6, 2018, and on December 24, 2018, he filed an amended PCRA petition. On February 15, 2019, counsel filed a motion to schedule a hearing, but the PCRA court denied the motion and filed its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a timely answer to the court's notice on June 10, 2019, and the trial court elected to conduct an evidentiary hearing, which took place on December 23, 2019 and December 24, 2019.

At the hearing, testimony addressed what role, if any, sentencing counsel had in Appellant's failure to file a timely post sentence motion accepted by the court. Counsel testified that Appellant and he discussed Appellant's post-sentence rights for the first time after sentencing, and he informed Appellant what his fee for preparing a post-sentence motion would be. N.T. 12/24/19, at 4-5. According to counsel, both Appellant and his wife, with whom he had spoken earlier, told him they were unable to pay the fee. N.T. at 6.

Counsel therefore advised Appellant he would not prepare a post-sentence motion and cautioned that it was up to Appellant to contact the Public Defender's Office immediately and file a post sentence motion before the filing period expired. N.T. at 6-7. ***See*** Pa.R.Crim.P. 720(a)(1) (indicating a written post-sentence motion must be filed within ten days

after the imposition of sentence). Counsel indicated Appellant never asked him during their conversation to file either a post-sentence motion or direct appeal on his behalf. N.T. at 7.

On December 31, 2019, the trial court dismissed Appellant's PCRA petition, relying specifically on sentencing counsel's testimony that Appellant never requested that counsel file a post-sentence motion or direct appeal on his behalf. Appellant filed a timely notice of appeal on January 27, 2020. A concise statement order was issued on January 28, 2020, and counsel filed a timely Pa.R.A.P. 1925 Statement on February 18, 2020. The trial court issued its 1925 opinion on February 24, 2020.

In Appellant's counseled brief, he raises several issues asserting the ineffective assistance of prior counsel and other trial errors. As a prefatory matter, however, we address his contention that the PCRA hearing established the dissolution of the attorney-client relationship at the outset of the post-sentence phase that should have prompted the PCRA court to take remedial action.

We recognize that Appellant filed timely *pro se* post-sentence motions at a time when counsel was still designated as counsel of record in his case. As noted, *pro se* filings submitted by counseled defendants are generally treated as legal nullities. ***Commonwealth v. Ali***, 10 A.3d 282 (Pa. 2010).

However, this Court has recognized that a counseled defendant may act on his own to protect important rights where counsel remains technically attached to the case but is no longer serving the client's interest. ***See***

- 4 -

***Williams***, ***supra***.  Thus, where counsel has effectively discontinued working on a defendant's behalf, this Court has concluded that a *pro se* filing does not offend considerations of hybrid representation.  ***See Commonwealth v. Leatherby***, 116 A.3d 73 (Pa. Super. 2015).

At the PCRA hearing, privately retained sentencing counsel confirmed that Appellant was effectively unrepresented when he filed the *pro se* post-sentence motions in question.  Specifically, counsel's undisputed testimony stated: (1) counsel informed Appellant he required payment prior to preparing a post-sentence motion; (2) both Appellant and his wife indicated they could no longer afford counsel fees; (3) counsel advised that it was therefore up to Appellant to secure a means by which to file a timely post sentence motion; and (4) Appellant made several *pro se* filings in the nature of a post-sentence motion within the allotted 10-day filing period to preserve his rights.

Under these circumstances, we find principles prohibiting hybrid representation were not implicated.  While the trial court reasonably followed the dictates of Rule 576(A)(4)—as it was not informed that Appellant was filing post-sentence motions in an essentially unrepresented capacity, it became clear during the PCRA hearing that Appellant's motions were not deserving of Rule 576 nullification.

For this reason, we vacate the Order denying PCRA relief, reinstate Appellant's post-sentence rights and direct appeal rights *nunc pro tunc*, and

remand to the trial court, which shall accept for review Appellant's timely *pro se* post-sentence motions previously filed with the court.

Order vacated. Post-sentence rights and direct appeal rights reinstated *nunc pro tunc* consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/25/2020