J-A26015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TARANCE FRYE | : | |
| | : | |
| Appellant | : | No. 865 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 3, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003285-2017

BEFORE: BOWES, J., STABILE, J., and McCAFFERY, J.

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 11, 2022**

Tarance Frye appeals *nunc pro tunc* from the aggregate judgment of sentence of five to ten years of incarceration imposed after he pled guilty to four counts of possession with intent to deliver ("PWID"). We affirm.

Appellant was charged with numerous counts of PWID in connection with sales of heroin, cocaine, marijuana, and oxycodone, as well as one count of person not to possess a firearm. After unsuccessfully litigating a suppression motion, Appellant entered open guilty pleas to four counts of PWID, two for heroin and two for cocaine. In exchange, the Commonwealth dropped the remaining fifty-four charges. The trial court ordered a presentence investigation ("PSI") that revealed Appellant's prior convictions for, *inter alia*, aggravated assault. *See* N.T. Sentencing, 9/3/19, at 7. Upon review of the PSI report and after hearing from Appellant and both attorneys, the trial court

sentenced Appellant to the term indicated above. The court noted that Appellant was not eligible for the Recidivism Risk Reduction Incentive ("RRRI") program because of the aggravated assault conviction.[1] *Id*. at 36-37.

Appellant, through counsel, filed a timely post-sentence motion challenging the discretionary aspects of sentencing. Appellant also filed a *pro se* motion challenging, inter alia, the trial court's failure to consider him for a RRRI sentence. The *pro se* motion was properly docketed and forwarded to counsel but not ruled upon by the court in accordance with Pa.R.Crim.P. 576(A)(4).[2] The trial court denied the counseled motion. No appeal was filed.

Appellant filed a timely petition pursuant to the Post Conviction Relief Act that resulted in the reinstatement of his right to take a direct appeal from his judgment of sentence. *See* Order, 3/8/21. This timely-filed *nunc pro tunc* appeal followed, and both Appellant and the trial court complied with Pa.R.A.P.

---

[1] In the same hearing, the trial court resentenced Appellant in two other matters, including the aforementioned aggravated assault case, since the new conviction in the instant case violated the terms of his release in those cases. Appellant did not challenge the sentences in those cases. *See* Trial Court Opinion, 7/7/21, at 1 n.1.

[2] "As hybrid representation is not permitted in the Commonwealth, our courts will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities." ***Commonwealth v. Williams***, 241 A.3d 353, 354 (Pa.Super. 2020) (cleaned up). When such *pro se* documents are submitted, "the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file." Pa.R.Crim.P. 576(A)(4). Further, "[a] copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt." ***Id***.

1925. Appellant presents one issue for our consideration: "Whether the sentencing court erred in failing to consider [A]ppellant for, and in failing to sentence [A]ppellant pursuant to, the [RRRI program,] for which he was eligible?" Appellant's brief at 8 (unnecessary capitalization omitted).

Appellant indicates that his claim challenges the discretionary aspects of his sentence, and that this Court, therefore, applies an abuse of discretion standard of review. **See** Appellant's brief at 5. However, "a trial court's failure to sentence an eligible offender pursuant to the RRRI Act implicates sentencing illegality." **Commonwealth v. Finnecy**, 249 A.3d 903, 916 (Pa. 2021). Accordingly, we conduct a *de novo*, plenary review. **See**, **e.g.**, **Commonwealth v. Given**, 244 A.3d 508, 510 (Pa.Super. 2020).

We begin by noting the purpose of the RRRI program:

The RRRI legislation "is intended to encourage eligible offenders to complete Department of Corrections programs that are designed to reduce recidivism. Eligible offenders may also be able to take advantage of a reduced sentence. Eligibility is conditioned, in relevant part, upon the absence of a "history of present or past violent behavior," although the Act does not define that phrase.

**Commonwealth v. Dozier**, 208 A.3d 1101, 1104 (Pa.Super. 2019) (cleaned up). The RRRI Act defines an "eligible person" as follows:

A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets **all** of the following eligibility requirements:

(1) Does not demonstrate a history of present or past violent behavior.

- 3 -

(2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon . . . .

(3) **Has not been found guilty of or previously convicted of** . . . **a personal injury crime** as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree . . . .

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any [enumerated statutes concerning certain sexual and drug offenses].

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

61 Pa.C.S. § 4503 (emphases added). The referenced definition for "personal injury crime" is "an act, attempt, or threat to commit an act which would constitute a misdemeanor or felony under the following: . . . 18 Pa.C.S. Ch. 27 (relating to assault)." 18 P.S. § 11.103.

The trial court held that Appellant was ineligible for an RRRI sentence. Specifically, the trial court stated at sentencing that Appellant was "not RRRI eligible because I believe there's an aggravated assault in his background." N.T. Sentencing, 9/3/19, at 36-37. In its Pa.R.A.P. 1925(a) opinion, the trial court further elucidated that Appellant had a "history of past violent conduct based upon his past conviction of aggravated assault upon a police officer" in

2005 at case number CP-15-CR-0004034-2004.[3]  Trial Court Opinion, 7/7/21, at 14.

As such, to the extent that Appellant contends that the trial court failed to consider him for the RRRI program, the record belies his claim.  The trial court plainly considered whether the RRRI program was appropriate but concluded that Appellant was not eligible.

The main thrust of Appellant's argument is that the trial court erred in determining that he was ineligible.  Appellant posits that our Supreme Court's decisions in **Commonwealth v. Cullen-Doyle**, 164 A.3d 1239 (Pa. 2017) ("**Cullen-Doyle II**"), and **Finnecy**, **supra**, stand for the proposition that the RRRI statute "requires more than one conviction for a crime of violence to render a defendant ineligible for a[n] RRRI sentence."  Appellant's brief at 14.  Appellant's claim is meritless.

The defendant in **Cullen-Doyle II** was sentenced on a burglary conviction, and the trial court held that the present conviction rendered him

---

[3] The trial court indicates that Appellant was convicted of aggravated assault for violating subsection (a)(3) of the statute, which indicates that a person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to" inter alia, a police officer.  18 Pa.C.S. § 2702(a)(3).  However, the publicly-available docket for CP-15-CR-0004034-2004 indicates Appellant, then going by the name of Terrance Roskins, was convicted and sentenced pursuant to subsection (a)(6), which involves the attempt "by physical menace to put any [police officer,] while in the performance of duty, in fear of imminent serious bodily injury."  18 Pa.C.S. § 2702(a)(6).  As either of these second-degree felonies codified in Chapter 27 of the Crimes Code is a "personal injury crime" as defined by 18 P.S. § 11.103, we need not resolve the discrepancy.

- 5 -

ineligible for an RRRI sentence. This Court agreed, holding as follows: "The legislature's use of general terms to describe the disqualifying conduct set forth in § 4503(1) persuades us that a single conviction for first-degree burglary, an admittedly violent act under long-standing Pennsylvania law, is sufficient to establish a present history of violent behavior." ***Commonwealth v. Cullen-Doyle***, 133 A.3d 14, 22 (Pa.Super. 2016) ("***Cullen-Doyle I***"), vacated by ***Cullen-Doyle II***, ***supra***.

Our High Court granted review to address whether the defendant was disqualified from the RRRI program "based solely on his present conviction for a crime of violence." ***Cullen-Doyle II***, ***supra*** at 1241. Finding § 4503(1)'s reference to a history of present violent behavior ambiguous, it turned to the tools of statutory construction. The Court considered the purpose of the statute, namely to reduce the likelihood of recidivism, and noted that first-time offenders are more amenable to reform. As such, it reasoned that purpose would be somewhat thwarted by excluding "a large number of individuals who could potentially reform through participation in RRRI programming[.]" ***Id***. at 1243. The Court further noted that "the rule of lenity bolsters the conclusion that the single, present conviction for a violent crime does not constitute a history of violent behavior." ***Id***. at 1244.

The Court additionally observed as follows:

We acknowledge that [§] 4503 prescribes that individuals who have been convicted of certain enumerated offenses are ineligible for participation in the program. ***See*** 61 Pa.C.S. § 4503 (listing disqualifying offenses including: the use of a deadly weapon;

**personal injury crimes as set forth in the Crime Victims Act, 18 P.S. § 11.103**; crimes requiring registration as a sex offender or involving incest, open lewdness, or internet child pornography; and certain violations of the Controlled Substances, Drug, Device and Cosmetic Act). Significantly, however, [§] 4503's list of disqualifying offenses—which include both violent and potentially non-violent crimes—does not include burglary. Hence, application of the statutory-interpretation principle that the inclusion of specific matters in a statute implies the exclusion of other matters suggests the Legislature did not intend for all crimes of violence to be disqualifying in and of themselves.

*Id*. at 1243-44 (cleaned up, emphasis added).

Thereafter, in *Finnecy*, our Supreme Court considered whether a defendant who had a single **past** conviction for a crime of violence was RRRI-ineligible pursuant to § 4503(1). Applying the reasoning of *Cullen-Doyle II*, the Court held "that a single prior conviction for a **non-enumerated crime** demonstrating violent behavior does not qualify as a history of past violent behavior under [§] 4503 of the RRRI Act." *Finnecy*, *supra* at 916 (emphasis added). However, the Court confirmed the meaning of the plain language of § 4503(3): that enumerated offenses "automatically preclude an offender from being eligible to receive a sentence under the RRRI Act." *Id*. at 915.

Stated plainly, the holdings of *Cullen-Doyle II* and *Finnecy* have no bearing on the validity of Appellant's sentence. Appellant was not determined to be ineligible based upon a single conviction of a crime of violence pursuant to the general history-of-past-violent-behavior requirement of § 4503(1). Rather, Appellant was disqualified based upon his prior conviction for an enumerated offense, which our Legislature expressly did intend to make

disqualifying in and of itself through § 4503(3). The enumerated offenses "automatically preclude an offender from being eligible to receive a sentence under the RRRI Act." *Finnecy*, *supra* at 915.

Accordingly, our *de novo* review has confirmed that the trial court properly held that Appellant's prior aggravated assault conviction rendered him RRRI-ineligible. We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2022