J-S33022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ILYAS ABDUL-HADI | : | |
| | : | |
| Appellant | : | No. 1387 EDA 2021 |

Appeal from the PCRA Order Entered June 11, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0808601-2006

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:                **FILED DECEMBER 28, 2022**

Appellant, Ilyas Abdul-Hadi, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  In 2007, a jury convicted Appellant of first-degree murder, following the shooting death of Tito Lomax at his home in Philadelphia.  The court sentenced Appellant to life imprisonment, this Court affirmed the judgment of sentence on July 14, 2009, and our Supreme Court denied allowance of appeal on March 10, 2010.  **See Commonwealth v. Hadi**, 981 A.2d 920 (Pa.Super. 2009) (unpublished memorandum), *appeal denied*, 605 Pa. 695, 990 A.2d 728

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

(2010).

On December 6, 2010, Appellant filed a timely *pro se* PCRA petition. The court appointed counsel, who filed an amended petition and a supplemental petition raising claims of ineffective assistance of counsel. The court subsequently issued appropriate notice per Pa.R.Crim.P. 907, and ultimately denied relief on November 1, 2013. This Court affirmed the denial of PCRA relief on September 25, 2014, and our Supreme Court denied allowance of appeal on December 17, 2014. **See Commonwealth v. Abdulhadi**, 107 A.3d 236 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 629 Pa. 633, 105 A.3d 734 (2014).

On November 16, 2017, Appellant filed another *pro se* PCRA petition. Appellant subsequently retained counsel, who filed an amended PCRA petition. The PCRA court dismissed the petition as untimely on September 28, 2018. This Court affirmed the denial of PCRA relief on September 19, 2019. **See Commonwealth v. Hadi**, 221 A.3d 1270 (Pa.Super. 2019) (unpublished memorandum).

Appellant filed the current PCRA petition *pro se* on April 14, 2020, alleging police misconduct by a detective involved in Appellant's case. Appellant invoked the "newly-discovered fact" exception to the PCRA time-bar, arguing that he became aware of the alleged police misconduct through research he conducted in the law library on March 20, 2020. Specifically, Appellant claimed he reviewed cases in which the lead investigator in

Appellant's case, Detective Baker, was found to have falsified and tampered with evidence. Appellant stated that he uncovered another case in his research showing that Detective Baker utilized coercive interrogation procedures. Appellant insisted that Detective Baker committed similar misconduct in Appellant's case.

That same day, Appellant also filed a motion for discovery requesting a copy of police files that reflect misconduct reports, fabrication of evidence, coercive interrogation practices, and any allegations of illegal practices documented against Detective Baker and other officers. On January 29, 2021, the court issued Rule 907 notice. Appellant filed a supplemental PCRA petition on February 22, 2021, claiming that he received a "PBI Findings sheet" from the Commonwealth for the first time in October 2020, showing that the District Attorney's Office had knowledge about Detective Baker's misconduct before Appellant's case proceeded to trial. Appellant suggested that the Commonwealth withheld this information, constituting a violation under **_Brady v. Maryland_**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Appellant further claimed the court had jurisdiction to review his **_Brady_** claim based on the "governmental interference" exception to the PCRA time-bar.

On June 11, 2021, the PCRA court dismissed the petition as untimely.[2]

---

[2] The court did not issue a separate order expressly denying Appellant's motion for discovery, but the record suggests the court's order denying PCRA relief also denied the outstanding discovery motion.

- 3 -

Appellant timely filed a *pro se* notice of appeal on July 6, 2021. On July 8, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant timely complied on July 27, 2021. The next day, Appellant retained private appellate counsel. Appellate counsel did not seek to amend the *pro se* Rule 1925(b) statement *nunc pro tunc*. On July 30, 2021, while the appeal was pending and while represented by appellate counsel, Appellant submitted a *pro se* document to the PCRA court attaching an affidavit from Joshua Jones, in which Mr. Jones purported to recant his trial testimony against Appellant. As the PCRA court had already dismissed the petition, the court declined to address the affidavit.

Appellant raises the following issues for our review:

> Whether the PCRA court erred in denying the PCRA petition without granting Appellant's motion for discovery?

> Whether the PCRA court erred in denying the PCRA petition without an evidentiary hearing where Appellant provided sufficient evidence to hold a hearing that the assigned detective for his case has been disciplined by the police department due to misconduct committed in at least three other cases?

> Whether the Court should remand this matter for supplementation of the record with an affidavit that was received from a recanting witness shortly after the PCRA court dismissed the PCRA petition where that affidavit would establish that the assigned detective committed similar misconduct in this case as in the three cases cited by Appellant in his PCRA petition?

(Appellant's Brief at vi).

For purposes of disposition, we combine Appellant's issues. Appellant

- 4 -

first argues that the court erred in denying his discovery motion. Appellant claims that Detective Baker was the affiant for the charging documents leading to his arrest. Appellant asserts that he presented evidence to the PCRA court that Detective Baker has been sued in civil court in at least three other homicide cases in which the defendants were ultimately exonerated due to police misconduct. Appellant emphasizes that the Commonwealth conceded in other cases that Detective Baker committed misconduct in 1998, which was prior to the investigation in Appellant's case. At a minimum, Appellant submits the PCRA court should have granted Appellant's motion for discovery so that Appellant could "better link the misconduct that occurred in this case to that for which Detective Baker has already been found responsible." (**Id.** at 2). Appellant maintains he has demonstrated "exceptional circumstances" that warrant discovery at this stage of the proceedings based on the allegations against Detective Baker. Appellant insists that Detective Baker was the "main investigator" involved in Appellant's case. Appellant suggests that if Detective Baker coerced statements or framed defendants in other cases, a jury could have found such information relevant in Appellant's case.

Appellant further avers that the evidence against him was not very strong. Appellant maintains there was no physical evidence, independent eyewitness evidence, or ballistics evidence connecting Appellant to the homicide. Appellant insists that the circumstances surrounding his confession were "highly questionable." Specifically, Appellant emphasizes that there was

- 5 -

no audio or video recording of his alleged confession, and it had been taken after Appellant was in custody with no food, water, sleep or offer to use a bathroom for 20 hours. Appellant claims the basis for his stop was also suspicious where Appellant was allegedly detained based on a "wanted" poster, but the police never produced the actual poster. Appellant contends that testimony from the eyewitnesses was also unreliable.

Secondly, and for similar reasons, Appellant argues the PCRA court should have held an evidentiary hearing on Appellant's claims of police misconduct. Appellant avers that he provided a list of potential witnesses who would testify at an evidentiary hearing. By calling these witnesses, Appellant insists he would be able to establish that similar misconduct to that demonstrated in other cases involving Detective Baker occurred in Appellant's case.

Finally, Appellant claims this Court should remand this matter to the PCRA court so that Appellant can supplement the record with the affidavit from Mr. Jones, in which Mr. Jones (who was a key witness against Appellant at trial) stated that the detectives coerced him into giving a false statement implicating Appellant in the crimes charged. Appellant insists he obtained the affidavit from Mr. Jones after the notice of appeal had been filed in this case but before the PCRA court had issued its Rule 1925(a) opinion. Appellant claims he sought to amend the record at that time, but the PCRA court did not permit him to do so. Appellant contends that he is entitled to an evidentiary

hearing so that he can demonstrate that Mr. Jones' affidavit satisfies the "new facts" exception to the PCRA's time-bar, such that his current PCRA petition should be rendered timely filed. Appellant concludes this Court should remand with instructions for the Commonwealth to produce all discovery relating to any misconduct by Detective Baker and any other detectives involved in this case, for an evidentiary hearing, and for supplemental filings and consideration of Mr. Jones' affidavit. We disagree.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Instantly, Appellant's judgment of sentence became final on June 8, 2010, upon expiration of the time for Appellant to file a petition for writ of *certiorari* in the U.S. Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari*).

Therefore, Appellant had until June 8, 2011, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the current PCRA petition on April 14, 2020, which is patently untimely.

Significantly, Appellant does not present any argument on appeal concerning how the claims raised in his *pro se* PCRA petition (related to police misconduct) or supplemental PCRA petition (related to the **Brady** violation) satisfy any of the exceptions to the PCRA time-bar. Instead, Appellant only advances an argument concerning a time-bar exception—specifically, the "newly-discovered facts" exception—relative to the affidavit of Mr. Jones. As previously stated, however, Appellant did not present the affidavit of Mr. Jones in the PCRA court prior to the court's denial of PCRA relief. Instead, Appellant produced the affidavit of Mr. Jones via a *pro se* application for relief, while his appeal was already pending, and **after** Appellant had already secured appellate counsel. Thus, Appellant's filing concerning Mr. Jones was technically a legal nullity, and Appellant is improperly presenting evidence of this affidavit for the first time on appeal. ***See generally Commonwealth v. Williams***, 241 A.3d 353 (Pa.Super. 2020) (explaining general rule that *pro se* filings submitted by counseled defendants are generally treated as legal nullities). ***See also*** Pa.R.A.P. 302(a) (stating issues not raised in lower court are waived and cannot be raised for first time on appeal). While Appellant seeks a remand to present evidence of Mr. Jones' affidavit, Appellant cites no appropriate legal authority to support his claim that remand is proper under

these circumstances.[3]

Further, although Appellant seems to claim that an evidentiary hearing and/or the grant of his motion for discovery[4] would have produced sufficient evidence to overcome the PCRA time-bar, he makes no such express argument on appeal. *See Commonwealth v. Kane*, 10 A.3d 327 (Pa.Super. 2010) (stating this Court will not act as counsel and will not develop arguments on behalf of appellant).[5] Consequently, Appellant has not sufficiently argued on appeal how the claims raised in his PCRA petition or supplemental PCRA petition satisfy any time-bar exception.[6] *See* 42 Pa.C.S.A.

_____

[3] In making his claim that he is entitled to a remand to supplement the record with the affidavit from Mr. Jones, Appellant cites **only** to an unpublished decision of this Court issued in 2017. We reject Appellant's reliance on unpublished decisions from this Court filed before May 1, 2019. *See* Pa.R.A.P. 126(b) (stating party may cite to unpublished decisions of this Court filed **after** May 1, 2019 for their persuasive value).

[4] We also note that Appellant did not challenge the denial of his discovery motion in his *pro se* Rule 1925(b) statement, and appellate counsel did not attempt to file an amended Rule 1925(b) statement preserving such a challenge on appeal. Thus, any claim that the court improperly denied Appellant's discovery motion is waived on appeal in any event. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating issues not raised in concise statement are waived).

[5] We observe that the PCRA court addressed Appellant's claimed time-bar exceptions relative to Appellant's allegations of police misconduct and ***Brady*** violations in its Rule 1925(a) opinion. We reiterate that Appellant asserts no time-bar exception regarding the alleged police misconduct or ***Brady*** violations on appeal. Thus, we will not address whether Appellant's allegations as presented in his PCRA petitions satisfied any exception.

[6] During the pendency of this appeal, Appellant filed an application for remand in this Court, requesting reversal of the PCRA court's order and a remand for
*(Footnote Continued Next Page)*

§ 9545(b)(1). Accordingly, Appellant's petition remains time-barred, and we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2022

---

amendment of Appellant's PCRA petition, a renewed motion for discovery, an evidentiary hearing, and the additional consideration of Mr. Jones' affidavit. Essentially, Appellant advances in this application for relief the same claims he makes on appeal. As we have already decided Appellant is not entitled to relief on the issues presented in this appeal, we deny Appellant's application.