J-S35019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MACARTON NORMAN PIERRE | : | |
| | : | |
| Appellant | : | No. 1507 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 21, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001006-2022

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:              **FILED: FEBRUARY 2, 2024**

Macarton Norman Pierre appeals from the judgment of sentence entered on October 21, 2022. We affirm.

In September 2022, Pierre pleaded guilty to one count of criminal mischief and two counts of endangering the welfare of children.[1] He was sentenced on October 21, 2022 to 24 to 48 months' incarceration. Six days after sentencing, while still represented by counsel, Pierre filed a *pro se* document, stating that he was "filing [a] *pro se* appeal of his guilty plea due to ineffective counsel[.]" *Pro Se* Notice of Appeal, filed 10/27/22, at 1. He claimed "he was manipulated, forced, [and] bribed into taking a guilty plea by Attorney John Pike with a promise of a probated period/sentence." *Id.* Pierre

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3304(a)(5) and 4304(a)(1), respectively.

requested that a new attorney be appointed. *Id.* at 2. The trial court treated Pierre's filing as a *pro se* notice of appeal.

Shortly thereafter, on November 2, 2022, plea counsel filed a petition to withdraw as counsel because Pierre raised a claim of counsel's ineffectiveness in his *pro se* notice of appeal. This Court permitted counsel to withdraw and ordered the trial court to appoint substitute counsel. New counsel entered his appearance, and Pierre filed a *pro se* application for the appointment of substitute counsel because new counsel was an associate of plea counsel. This Court directed that conflict counsel be appointed. Counsel was appointed and filed a motion to file a concise statement *nunc pro tunc*, which the court granted. Pierre's counsel raises the following issue on appeal:

> Whether the [p]lea [c]ourt erred by construing Mr. Pierre's *pro se* filing as a notice of appeal rather than a post sentence motion when it was filed within ten days of sentencing and alleged claims that must be preserved in a post sentence motion to be raised on direct appeal?

Pierre's Br. at 4.

Pierre argues that the court erred in treating his *pro se* filing as a notice of appeal instead of as a post-sentence motion. *Id.* at 7. He notes that his filing was made within 10 days of his sentencing and raised issues with his guilty plea. *Id.* at 9. He maintains that the trial court should have known that "all claims related to the guilty plea would have been waived on direct appeal without the claims being preserved via objection or post sentence motion." *Id.* at 7. Pierre requests that the case be remanded so counsel can file an amended post sentence motion. *Id.* at 11.

The trial court did not err in treating Pierre's filing as a notice of appeal. Generally, a party may not engage in what is called "hybrid representation." That is, a party may not as a rule submit *pro se* filings or otherwise represent themselves while represented by counsel. **See Commonwealth v. Williams**, 241 A.3d 353, 354 n.1 (Pa.Super. 2020) (citation omitted). However, the filing of a notice of appeal is an exception to the rule against hybrid representation. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016); **see also** Pa.R.A.P. 121(g)(i) (stating that an exception to the rule prohibiting hybrid representation is the filing of a *pro se* notice of appeal). Here, although Pierre was represented by counsel, he could file a *pro se* notice of appeal. Thus, the appeal is properly before us. However, he could not, while still represented by counsel, file a post sentence motion. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super. 2007).

Furthermore, Pierre's filing states that he was "filing [a] *pro se* appeal[.]" The trial court permissibly took those words at face value. Although Pierre went on to assert an ineffectiveness claim, that did not render it improper for the court to conclude that Pierre intended to do what he said he was doing: filing an appeal. Moreover, the ineffectiveness claim was premature. "Generally, a claim that trial counsel is ineffective is deferred to collateral review under the Post Conviction Relief Act." **Commonwealth v. Green**, 204 A.3d 469, 486 (Pa.Super. 2019); **see also Commonwealth v. Holmes**, 79 A.3d 562, 563-64 (Pa. 2013) (providing that, with limited exceptions not applicable here, a court cannot review ineffective assistance of

counsel claims on direct appeal). Pierre's ineffective assistance of counsel claim is not cognizable on direct appeal and must await collateral review.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/2/2024