J-S12028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT DAY | : | |
| | : | |
| Appellant | : | No. 1344 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 22, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0006833-2019

BEFORE:  DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:                    **FILED OCTOBER 2, 2024**

Robert Day ("Day") appeals from the judgment of sentence imposed following his nonjury convictions for attempted murder, burglary, and related offenses.[1]  We conclude Day has waived the sole issue raised in this appeal and affirm.

Based on our disposition, we need not recite in depth the facts and procedural history of this appeal.  Briefly, the trial court found Day guilty of the above-stated offenses.  On November 22, 2022, the trial court sentenced Day to an aggregate term of twenty-five to fifty years of imprisonment.  Day was represented at trial and sentencing by the same attorney ("trial counsel").

Day filed a *pro se* post-sentence motion on December 1, 2022, and that same day, the trial court scheduling a hearing on the *pro se* motion.  Trial

---

[1] **See** 18 Pa.C.S.A.  §§ 901, 2502, 3502;  **see also** 18 Pa.C.S.A. §§ 2702, 6105, 907.

counsel then filed an untimely motion to modify and reconsider the sentence on December 16, 2022. Four days later, the trial court removed trial counsel and appointed present counsel. In February 2023, the trial court ordered a neuropsychological evaluation of Day, and in March 2023, the court extended the time for deciding post-sentence motions. Following a hearing in April 2023,[2] the court denied post-sentence relief on April 28, 2023. **See** Order, 4/28/23, at 1. Day appealed on May 30, 2023.[3] Both he and the trial court have complied Pa.R.A.P. 1925.

_____

[2] Both the trial court and Day refer to a post-sentence hearing in April 2023, and despite a citation to a transcript in Day's brief, there is no indication Day requested a transcript of the hearing. Upon an informal inquiry, the trial court informed this Court there was no transcript of the hearing.

[3] The foregoing procedures raises concerns Day's appeal was untimely filed. **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014) (noting this Court may consider the timeliness of an appeal *sua sponte*). Although Day filed a *pro se* post-sentence motion within ten days of sentencing, he did so while represented by trial counsel. Therefore, that motion was technically a "nullity" and ordinarily would not toll the time for taking an appeal. **Commonwealth v. Vinson**, 249 A.3d 1197, 1204 (Pa. Super. 2021). Moreover, trial counsel did not file a counsel post-sentence motion within ten days of sentencing. Because trial counsel did not ask for, and the trial court did not grant, *nunc pro tunc* relief, trial counsel's late motion also did not toll the time for taking this appeal. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) Accordingly, if we regard Day's *pro se* post-sentence motion as a nullity, Day would have been required to file an appeal within thirty days of sentencing, or by December 22, 2022, and the present appeal, filed after the trial court denied post-sentence relief in April 2023, would be untimely. **See id**.; **see also** Pa.R.A.P. 108(d)(2).

Here, however, there were multiple breakdowns following the imposition of sentence, including: possible confusion concerning the appointment of new counsel after sentencing, **see** N.T., 11/22/22, at 13, 16; the trial court's apparent failure to forward Day's *pro se* post-sentence motion to trial counsel;
*(Footnote Continued Next Page)*

Day raises the following issue for our review:

Whether the sentence imposed amounts to an abuse of discretion, where the aggregate sentence of not less than 300 nor more than 600 months [of] confinement . . . [is] facially and manifestly excessive, amounting to a life sentence, where the sentence was imposed based solely on the serious nature of the crime, without regard to the character or rehabilitative needs of [Day], and was imposed in disregard of mitigating circumstances, including [Day's] age, his likelihood of rehabilitation, [and] the fact that [Day] suffered head trauma as a child that created behavioral issues that have impacted his entire life, demonstrated by a neuropsychological evaluation . . ..

Day's Brief at 5.

Day's issue challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162,

_____

the trial court's scheduling of a hearing on Day's *pro se* post-sentence motion; and the trial court's failure to advise Day of the impending deadline to take an appeal when, two days before the appeal period would have expired, the trial court replaced trial counsel with present counsel. Given the confusion over the status of counsel and Day's *pro se* motion, we decline to regard Day's *pro se* post-sentence motion as a nullity. *See Commonwealth v. Williams*, 241 A.3d 353, 355 (Pa. Super. 2020) (holding "a counseled defendant may act on his own to protect important rights where counsel remains technically attached to the case but is no longer serving the client's interest"); *Commonwealth v. Leatherby*, 116 A.3d 73, 79 (Pa. Super. 2015) (noting a defendant should not be precluded from appellate review based on an administrative breakdown). We add that the thirtieth day after the trial court's denial of post-sentence relief ended over the Memorial Day weekend, and Day timely filed his notice of appeal on the next business day. *See* 1 Pa.C.S.A. § 1908. Thus, we will not quash this appeal as untimely. *See Leatherby*, 116 A.3d at 79.

170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Id**. (citation omitted).

Here, we regard Day's appeal to be timely. **See supra** note 3. Day's brief also includes a Rule 2119(f) statement, which states a substantial question that the aggregate sentence was excessive because the trial court focused on the seriousness of the offense and failed to consider Day's rehabilitative needs. **See Commonwealth v. Rush**, 162 A.3d 530, 543-44 (Pa. Super. 2017). Therefore, we consider whether Day properly preserved his issue at sentencing or in a motion to reconsider the sentence. **See Moury**, 992 A.2d at 170.

On appeal, Day claims the trial court failed to consider all relevant sentencing factors, and he specifically relies on the post-sentence neuropsychological evaluation. **See** Day's Brief at 5, 16, 20-22. However, Day's *pro se* post-sentence motion and trial counsel's untimely post-sentence motion did not assert the trial court failed to consider the post-sentence

- 4 -

neuropsychological evaluation.[4]   Further, there is no indication present counsel attempted to file a post-sentence motion *nunc pro tunc* based on the results of the evaluation; nor has present counsel indicated where he preserved an objection to the trial court's alleged failure to consider the evaluation.[5]   Indeed, we are unable to verify whether present counsel, at the post-sentence hearing, objected to the trial court's alleged failure to consider the neuropsychological evaluation because no transcript has been included in the record.

It is well settled that the appellant bears responsibility to ensure the certified record contains all the items necessary to review his claims.  *See* ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*). Here, without the transcript of the post-sentence hearing, we simply cannot determine whether Day preserved his sentencing issue.  Moreover, absent any

_____

[4] Day's *pro se* post-sentence motion, while handwritten on a form seeking modification of a sentence, only listed claims concerning the sufficiency of evidence, the weight of the evidence, and trial counsel's ineffectiveness. ***See*** *Pro Se* Post-Sentence Motion, 12/1/22, at 1 (describing the "mitigating circumstances" as "the weight and sufficiency of the evidence to support the conviction of attempted homicide.  Ineffective counsel never discussed the case[; l]ack of questioning victim and witness").  Trial counsel's post-sentence motion was untimely and, in any event, only raised a bald assertion the sentence was excessive.  ***See*** Counseled Post-Sentence Motion, 12/16/22, at 2 ("The sentence imposed . . . was excessive in that it exceeds what is necessary to protect the public and rehabilitate [Day]").  Further, neither motion could have preserved Day's appellate claim that the trial court failed to consider the neuropsychological evaluation because the trial court had not ordered the evaluation until later in the post-sentence proceedings.

[5] Day's brief does not contain a statement of place of raising or preservation of issues.  ***See*** Pa.R.A.P. 2117(c).

indication present counsel ordered the transcript, we cannot presume the possibility of a breakdown in court operations when transmitting the record. Thus, Day has not carried his burden of invoking this Court's jurisdiction to review the merits of his discretionary aspects of sentencing claim. *See Moury*, 992 A.2d at 170; *accord Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013).

We add that other deficiencies in the record impede a meaningful review of Day's specific claim the post-sentence neuropsychological evaluation "gave a much more thorough and clearer picture of [Days] development and disabilities" than the information available at the sentencing hearing. Day's Brief at 22. "It is a well settled principle that appellate courts may only consider facts which have been duly certified in the record on appeal. Where a claim is dependent upon materials not provided in the certified record, that claim is considered waived." *Commonwealth v. Proetto*, 771 A.2d 823, 834 (Pa. Super. 2001) (citations omitted).

Here, a review of the trial court's exercise of discretion when declining to reconsider its sentence requires a comparison of the information in the post-sentence neuropsychological evaluation and the information available to the trial court at the sentencing hearing through sources such as the pre-sentence investigation report. *See Moury*, 992 A.2d at 171 ("Where the sentencing court had the benefit of a presentence investigation report . . . we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with

mitigating statutory factors'") (citation omitted); *see also* N.T., 11/22/22, at 12 (indicating the trial court reviewed a pre-sentence investigation report); Trial Court Opinion, 8/9/23, at 3 n.2 (indicating the court would not have imposed a different sentence based on the neuropsychological evaluation). However, the record does not include a copy of the neuropsychological evaluation on which Day relies, nor any of the reports the court had ordered and reviewed before the sentencing hearing. Therefore, Day waived his issue by failing to provide a complete record upon which to consider the merits of his claim. *See id*.; *accord Commonwealth v. Holston*, 211 A.3d 1264, 1276 (Pa. Super. 2019).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/02/2024