J-S11042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD DARNELL JORDAN | : | |
| | : | |
| Appellant | : | No. 1067 WDA 2024 |

Appeal from the PCRA Order Entered August 1, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001259-2019

BEFORE:   MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                  **FILED: June 17, 2025**

Leonard Darnell Jordan ("Jordan") appeals from the order dismissing, as untimely filed, his second petition under the Post Conviction Relief Act[1] ("PCRA").  We affirm.

The PCRA court briefly summarized the underlying facts: Jordan fatally stabbed the victim in the victim's living room, left him in "in a pool of blood," went "to the separate residences of two friends[,] to whom [Jordan] confessed to the stabbing[,] and walk[ed] to a nearby street where he tossed the murder weapon in a sewer.  One of the friends recorded [Jordan's] incriminating statements on [a] cell phone."  Notice of Intent to Dismiss PCRA, 7/19/23, at 1.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

The Commonwealth charged Jordan with criminal homicide and related offenses. This matter proceeded to a jury trial in October 2019, where Bruce Sandmeyer, Esquire ("Trial Counsel") represented Jordan. Jordan testified in his own defense; according to the PCRA court, his "testimony was clearly incriminating."[2] *Id*. at 3. Jordan presented defenses of intoxication and self-defense, the trial court instructed the jury on these defenses, and accordingly, also instructed the jury on the charges of murder in the first degree, murder in the third degree, involuntary manslaughter, and voluntary manslaughter. The jury found Jordan guilty of murder in the first degree, possessing instruments of crime, aggravated assault, and tampering with or fabricating physical evidence.

On November 18, 2019, the trial court imposed an aggregate sentence of life imprisonment without parole.

Jordan, still represented by Trial Counsel, appealed to this Court. On September 10, 2021, this Court affirmed the judgment of sentence. Pertinently, this Court concluded that Jordan waived two of his issues — challenges to the sufficiency and weight of the evidence — for a vague Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Jordan*, 264 A.3d 363 (Pa. Super. 2021) (unpublished memorandum) (*citing Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) (stating that to preserve a

---

[2] The PCRA judge had also presided over the jury trial and sentencing.

claim that the evidence was insufficient, an appellant's Rule 1925(b) statement must specify the element upon which the evidence was allegedly insufficient)). Jordan did not seek allowance of appeal with the Pennsylvania Supreme Court.

On June 16, 2022, Jordan filed a timely, *pro se* PCRA petition ("First PCRA Petition"). The PCRA court appointed Emily Merski, Esquire ("Attorney Merski"), to represent him. The ensuing procedural history is protracted, but we review the relevant filings that inform our review. Attorney Merski ultimately filed a motion to withdraw and a "no-merit" letter.[3] Jordan continued to file *pro se* documents, including additional PCRA petitions, and the PCRA court directed Attorney Merski to file an amended PCRA petition or a "no-merit" letter. Attorney Merski thus filed a second "no-merit" letter in March 2023. On April 19, 2023, the PCRA court **denied** counsel's petition to withdraw; Jordan thus remained represented by counsel of record.

Next, on July 19, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. On August 10, 2023, Jordan filed another *pro se* PCRA petition ("August 2023 Petition"), which the trial court clerk forwarded to Attorney Merski.

On September 21, 2023, the PCRA court issued two orders. First, it dismissed the First PCRA petition. Second, the court acknowledged Jordan's

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998) (*en banc*).

*pro se* August 2023 Petition, appointed Attorney Mersky to represent him for this petition, and directed her to file a supplemental PCRA petition or "no-merit" letter.

Subsequently, on October 9, 2023, Jordan filed a *pro se* "Objection to Notice of Intent to Dismiss PCRA Petition" ("Second PCRA Petition"). Despite the title of this document, Jordan did not challenge the PCRA court's prior notice of intent to dismiss, but rather raised new claims of Trial Counsel's and Attorney Merski's ineffective assistance.

The PCRA court then consolidated Jordan's *pro se* Second PCRA petition with his earlier filed August 2023 Petition, and ordered they be treated together as his "second" PCRA petition. The court again appointed Attorney Merski to represent him.

In December 2023, Attorney Merski filed a motion to appoint conflict counsel, as she could not allege her own ineffective assistance of counsel and continue to represent Jordan. The PCRA court granted this motion and appointed present counsel, William Hathaway, Esquire ("Attorney Hathaway"). Attorney Hathaway then filed a supplemental PCRA petition, alleging Trial Counsel was ineffective for failing to preserve, on direct appeal, challenges to the weight and sufficiency of the trial evidence.

The PCRA court issued Rule 907 notice of intent to dismiss the two latest PCRA petitions — again, which it had consolidated. On August 1, 2024, the court dismissed the petitions, finding they were untimely under the PCRA's

general one year deadline. Jordan filed a timely notice of appeal. Both he and the court have complied with Pa.R.A.P. 1925.

Jordan presents the following issue for our review.

A. Whether the collective ineffective assistance of counsel of trial counsel, appellate counsel and former PCRA counsel served to deprive [Jordan] of the opportunity to challenge the sufficiency of the evidence as to the first degree murder or alternatively challenge that the verdict of first degree murder was against the weight of the evidence in that trial counsel waived said legal claims which ineffectiveness was compounded by the failure of appellate counsel to preserve said claims and then further by former PCRA counsel failing to impugn the foregoing omissions within the initial PCRA proceeding?

Jordan's Brief at 2.

Jordan does not acknowledge or address the PCRA court's rationale that the instant PCRA petitions were untimely. Instead, Jordan argues his weight and sufficiency of the evidence direct appeal claims would have had merit, as his trial testimony showed he lacked the requisite specific intent to commit first-degree murder. In support, Jordain maintains his evidence established that he acted on impulse and he "was severely impaired due to voluntary intoxication and effectively passed out . . . before being awakened by the [victim's alleged] sexual assault" upon him. Jordan's Brief at 9-10. Jordan further avers: (1) the trial court found "a factual predicate" to support jury instructions on voluntary intoxication and self-defense; (2) yet Trial Counsel failed to preserve his issues on direct appeal; (3) "[it] is inexplicable as to why" Trial Counsel filed a deficient Rule 1925(b) statement; and (4) he

suffered prejudice as he was "essentially depriv[ed] of his right to a direct appeal." *Id*. at 8.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

The PCRA requires: "Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of three enumerated exceptions. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA claim." *Commonwealth v. Stahl*, 292 A.3d 1130, 1134 (Pa. Super. 2023).

In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), the Pennsylvania Supreme Court held that a defendant may raise claims of PCRA counsel's ineffective assistance "for the first time during an appeal from the

denial of a **timely** filed first PCRA petition where the PCRA counsel in question represented the defendant until the appeal." **Stahl**, 292 A.3d at 1135. However,

> [n]othing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel[.] To the contrary, . . . **Bradley** unambiguously rejected the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel.

**Id**. at 1136.

Finally, we reiterate that in Pennsylvania, there is no right to hybrid representation:

> [O]ur courts "will not accept a *pro se* motion while [a defendant] is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities."
>
> Generally, when a counseled defendant files a *pro se* document, courts do not act on the filing, but instead note it on the docket and forward it to counsel pursuant to Pa.R.Crim.P. 576(A)(4). . . .

**Commonwealth v. Williams**, 241 A.3d 353, 354 n.1 (Pa. Super. 2020).

In the instant matter, we reiterate that after the PCRA court issued Rule 907 notice of intent to dismiss Jordan's First PCRA Petition, Jordan filed the *pro se* August 2023 Petition. We determine the trial court clerk properly forwarded this petition to Attorney Merski, who remained Jordan's counsel of record. **See id**. We further deem this *pro se* petition was a legal nullity. **See id**. Accordingly, to the extent that the PCRA court construed this petition to be a part of Jordan's "second" PCRA petition, we determine it was error. As

stated above, the PCRA court dismissed the First PCRA Petition on September 21, 2023.

**Thereafter**, Jordan filed the Second PCRA Petition, *pro se*, on October 9, 2023.[4]  We determine whether this petition complied with the PCRA's timeliness requirements.  As stated above, this Court affirmed the judgment of sentence on direct appeal on September 10, 2021.  Jordan did not seek allowance of appeal with the Pennsylvania Supreme Court.  Thus, his judgment of sentence became final, for PCRA purposes, at the end of the thirty-day period to seek allowance of appeal, or on Tuesday, October 12, 2021.[5]  Jordan generally had one year, or until October 12, 2022, to file a PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b)(1).  Neither Jordan's *pro se* petition nor Attorney Hathaway's supplemental petition, however, pleaded any timeliness exception under Section 9545(b)(1).[6]  Accordingly, we conclude the

---

[4] As stated above, the PCRA court re-appointed Attorney Merski to represent Jordan for this petition.  However, after granting her motion for conflict counsel, the court appointed Attorney Hathaway, who filed a supplemental petition.

[5] The thirtieth day fell on a Sunday, and the day thereafter was Columbus Day, a Court holiday.  We exclude those days from our time calculation.  **See** 1 Pa.C.S.A. § 1908 (providing that when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation).

[6] We note Jordan's *pro se* petition, completed on a pre-printed PCRA petition form, checked a box indicating the previous unavailability of exculpatory evidence, and cited "Trial court errors pursuant to government interference." Motion for Post Conviction Collateral Relief, 10/9/23, at 2-3, *attached to*
*(Footnote Continued Next Page)*

record supports the PCRA court's finding that Jordan's Second PCRA Petition, notwithstanding any **Bradley** claim of Attorney Merski's ineffective assistance, was untimely. **See Stahl**, 292 A.3d at 1136.

For the foregoing reasons, we affirm the PCRA court's dismissal order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/17/2025

---

Objection to Notice of Intent to Dismiss PCRA Petition, 10/9/23. However, Jordan presented no discussion or further explanation in support.