J-S09026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON KEISER | : | |
| | : | |
| Appellant | : | No. 2006 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 13, 2021
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0001222-2017

BEFORE: PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 24, 2024**

Appellant Jason Keiser appeals *nunc pro tunc* from the judgment of sentence imposed after he pled guilty to one count of rape of a child.[1] On appeal, Appellant challenges the discretionary aspects of his sentence. We affirm.

The facts underlying this matter are well known to the parties. *See* Trial Ct. Op., 10/2/23, at 2-6. Briefly, Appellant was arrested and charged with numerous criminal offenses based on allegations that he sexually abused a two-year old child and made video recordings of the assaults. *See id.* at 3-4. Appellant entered an open guilty plea to one count of rape of a child in exchange for the Commonwealth dismissing nine other charges. *See id.* at 4; Written Guilty Plea, 11/2/20. After Appellant completed written and oral

_____

[1] 18 Pa.C.S. § 3121(c).

guilty plea colloquies, the trial court accepted Appellant's plea. ***See*** Written Guilty Plea, 11/2/20; N.T. Guilty Plea Hr'g, 11/2/20, at 3-10. The trial court deferred sentencing pending the completion of a presentence investigation (PSI) report and an assessment by the Sexual Offender Assessment Board (SOAB). The completed assessment did not recommend that Appellant be classified as a sexually violent predator (SVP). ***See*** N.T. Guilty Plea Hr'g, 11/2/20, at 10; Order (PSI), 1/11/21; Order (SOAB), 5/17/21; Sentencing Guideline Form, 9/20/21, at 1. Further, the Commonwealth did not request the trial court hold an SVP hearing pursuant to 42 Pa.C.S. § 9799.24(e)(1). N.T. Sentencing Hr'g, 9/13/21, at 2.

On September 13, 2021, the trial court sentenced Appellant to a term of 240 to 480 months of incarceration in a state correctional institution followed by a three-year term of probation.[2] N.T. Sentencing Hr'g, 9/13/21, at 13-14. The trial court ordered the sentence for rape of a child to run

_____

[2] We are cognizant that the statutory maximum sentence for rape of child is 480 months. ***See*** 18 Pa.C.S. § 3121(e)(1). However, 42 Pa.C.S. § 9718.5(a) provides that "[a] person who is convicted in a court of this Commonwealth of an offense under section 9799.14(d) (relating to sexual offenses and tier system) shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court." Further, "[t]he court may impose the term of probation required under subsection (a) in addition to the maximum sentence permitted for the offense for which the defendant was convicted." 42 Pa.C.S. § 9718.5(b).

consecutively to a federal sentence Appellant was already serving.[3]  ***See*** Trial Ct. Op., 10/2/23, at 4; N.T. Sentencing Hr'g, 9/13/21, at 14.

Although trial counsel remained Appellant's counsel of record, on September 27, 2021, Appellant filed a *pro se* motion for reconsideration of his sentence, and the next day, Appellant filed a *pro se* notice of appeal.  The Carbon County Clerk of Courts docketed Appellant's *pro se* filings and forwarded them to trial counsel.[4]  However, the record reflects that trial counsel took no action on Appellant's *pro se* filings, and no counseled post-sentence motion nor notice of appeal was filed.

On July 1, 2022, Appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act[5] (PCRA).  The PCRA court appointed counsel (PCRA counsel) to represent Appellant.  PCRA counsel filed a counseled PCRA petition and three amended petitions[6] ultimately requesting the reinstatement of

_____

[3] The trial court noted on October 9, 2018, the federal court sentenced Appellant to a term of 270 months of incarceration for sexual exploitation of children.  ***See*** Trial Ct. Op., 10/2/23, at 4 n.2.

[4] ***See*** Pa.R.Crim.P. 576(A)(4) (stating that, if a counseled criminal defendant submits for filing a written motion that has not been signed by counsel, the clerk of courts shall accept it for filing, and a copy of the time-stamped document shall be forwarded to counsel and the Commonwealth within ten days); ***see also Commonwealth v. Jette***, 23 A.3d 1032, 1044 (Pa. 2011) (concluding that "the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion").

[5] 42 Pa.C.S. §§ 9541-9546.

[6] PCRA counsel withdrew the first amended PCRA petition and the second amended PCRA petition, and he ultimately filed a third petition, which although

*(Footnote Continued Next Page)*

Appellant's direct appeal rights *nunc pro tunc*. Without opposition from the Commonwealth, the PCRA court granted Appellant's petition and reinstated Appellant's direct appeal rights *nunc pro tunc*. ***See*** Order, 7/27/23.

On August 3, 2023, Appellant filed a timely direct appeal. Both the trial court and Appellant complied with Pa.R.A.P 1925.

On appeal, Appellant raises the following issue:

> Was the sentence imposed in the case *sub judice* violative of the prohibition against cruel and unusual punishment set forth in the Eighth Amendment to the United States Constitution, as well as in Article 1, Section 13, of the Pennsylvania Constitution, as grossly disproportionate to the gravity of the offense and, in essence, tantamount to a life sentence?

Appellant's Brief at 6 (formatting altered).

Appellant argues that the trial court effectively imposed a life sentence by ordering him to serve the sentence in the instant case consecutively to the federal sentence he was already serving. Appellant's Brief at 12. Appellant asserts that at the time of the sentencing hearing, he was thirty-years old and was serving a twenty-two and one-half year federal sentence. ***See id.*** at 20. Appellant notes that if he serves the entirety of the federal sentence, he will be fifty years old when he would begin serving the instant sentence. ***See id.*** As such, Appellant would not be eligible for parole in this case until he is seventy years old. ***See id.*** at 20-21. Appellant contends that this consecutive

---

not labeled as a PCRA petition, requested the reinstatement of Appellant's direct appeal rights. The PCRA court treated this petition as a third amended PCRA petition.

sentence is disproportionate to his crime. *See id.* at 21. Appellant argues that this consecutive sentence is too severe, violates the state and federal prohibitions against cruel and unusual punishment, and was unduly harsh and unreasonable. *See id.*[7]

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.Crim.P. 720(A)(1) (providing that "post-sentence motion shall be filed no later than 10 days after

---

[7] The Commonwealth did not file a brief in this appeal.

imposition of sentence"); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

It is well settled that hybrid representation is not permitted in Pennsylvania, and documents filed by *pro se* petitioners are typically legal nullities. **See Commonwealth v. Williams**, 241 A.3d 353, 354 n.1 (Pa. Super. 2020). However, "this Court has recognized that a counseled defendant may act on his own to protect important rights where counsel remains technically attached to the case but is no longer serving the client's interest." **Id.** at 355 (citation omitted). Therefore, "where counsel has effectively discontinued working on a defendant's behalf, this Court has concluded that a *pro se* filing does not offend considerations of hybrid representation." **Id.** (citing **Commonwealth v. Leatherby**, 116 A.3d 73 (Pa. Super. 2015)).

Here, as noted previously, trial counsel did not file any post-sentence motions after the trial court imposed Appellant's sentence on September 13, 2021. Although the Clerk of Courts docketed Appellant's *pro se* post-sentence motion on September 27, 2021, and forwarded the motion to trial counsel, trial counsel took no further action on Appellant's behalf. Under these circumstances, because trial counsel took no action to protect or further Appellant's post-sentence motion rights after Appellant filed the *pro se* post-sentence motion, we decline to find that Appellant's *pro se* post-sentence motion was a legal nullity. **See Williams**, 241 A.3d at 355.

With respect to the timeliness of Appellant's motion, the record reflects that Appellant had until September 23, 2021 to file a timely post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1). Because Appellant's *pro se* post-sentence motion was docketed after September 23, 2021, it is facially untimely.

However, we note that "[t]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019) (citation omitted and formatting altered). The *pro se* prisoner "bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period." *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). In making this inquiry, this Court is "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." *Id.*

Here, Appellant's *pro se* post-sentence motion is dated September 19, 2021, and the date stamp on the document reveals that it was filed with the Carbon County Clerk of Courts on September 24, 2021. Considering the inherent delays associated with mail delivery and the totality of the circumstances presented here, we conclude that Appellant's *pro se* post-sentence motion must have been deposited for mailing no later than September 23, 2021. *See Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007) (finding that a *pro se* submission that arrived late for filing was presumed timely despite a lack of supporting documentation based

- 7 -

on the date of delivery). Accordingly, applying the prisoner mailbox rule and accepting that Appellant's *pro se* post-sentence motion was deposited in the prison mail no later than September 23, 2021, Appellant's *pro se* post-sentence motion was filed within ten days from Appellant's September 13, 2021 judgment of sentence. **See** Pa.R.Crim.P. 720(A)(1).

On this record, we decline to find waiver based on either hybrid representation or failure to file a timely post-sentence motion, and we conclude that Appellant preserved his challenge to the discretionary aspects of his sentence. Further, we conclude that Appellant filed a timely notice of appeal and a court-ordered Rule 1925(b) statement, and he included a Rule 2119(f) statement in his brief. **See Corley**, 31 A.3d at 296. Accordingly, we will proceed to determine whether Appellant presented a substantial question for our review. **See id**.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Battles**, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Grays**, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

As noted, Appellant argues that because the trial court ordered Appellant to serve the sentence in the instant case consecutively to the federal

sentence, it resulted in what is effectively a life sentence. *See* Appellant's Brief at 12. Appellant states that "given the nature of the underlying offense here, it is submitted that [Appellant] will not be paroled upon reaching his minimum but upon reaching a more advanced age." *Id.* at 13. Appellant contends that although he is not attempting to minimize his criminal conduct, "comparing the gravity of the offense to the harshness of the penalty imposed raises an inference of gross disproportionality." *Id.* at 20. Appellant concludes that the consecutive nature of the sentence is too severe, and it was unduly harsh and unreasonable. *Id.* at 21.

Generally, claims of excessiveness based on the consecutive nature of a sentence do not raise a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa. Super. 2010) (stating that "[t]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment" (citations omitted)). However, this Court has held "that a substantial question exists when the issue is 'whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct[.]'" *Commonwealth v. Bankes*, 286 A.3d 1302, 1306 (Pa. Super. 2022) (quoting *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598-99 (Pa. Super. 2010)). Upon review, we conclude that Appellant's issue raises a

substantial question for our review.[8]  ***See id.***  Accordingly, we will review the

merits of Appellant's claims.

In reviewing a sentencing claim, our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d).  Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

---

[8] However, we reiterate that "this Court's determination of whether an appellant has presented a substantial question in various cases has been less than a model of clarity and consistency[.]"  ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any [PSI].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted and some formatting altered).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all

appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

"[I]t is well-established that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." ***Commonwealth v. Kurtz***, 294 A.3d 509, 535 (Pa. Super. 2023) (citation omitted and formatting altered), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). "Defendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence. Further, we will not disturb consecutive sentences unless the aggregate sentence is grossly disparate to the defendant's conduct, or viscerally appears as patently unreasonable." ***Bankes***, 286 A.3d at 1310 (citations omitted and formatting altered).

Here, the record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. ***See*** N.T. Sentencing Hr'g, 9/13/21, at 12. Generally, the crime of rape of a child[9] applies when the complainant is less than thirteen years of age, and here, the trial court emphasized the violent nature and gravity of the crime and the impact on the victim, a two-year old toddler who was vulnerable and helpless. ***See id.*** at 12. Further, the trial

---

[9] The Crimes Code defines the crime as follows: "**Rape of a child**.—A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3121(c).

court thoroughly considered Appellant's psychological and rehabilitative needs and discussed the concerns to protect the public, and the impact on the community. *See id.* at 12-13. Additionally, Appellant allocuted to the court prior to sentencing and stated that he was sorry and understood the seriousness of his actions and asked the trial court to consider the sentence Appellant was already facing in the federal action. *See id.* at 11. The trial court stated its consideration of the sentencing guidelines, explained that Appellant's sentence was in the standard range of the guidelines, noted its understanding of Appellant's federal sentence for sexual exploitation of children, and it ordered Appellant to serve the instant sentence consecutively to the federal sentence. *See id.* at 13-14.

In its Rule 1925(a) opinion, the trial court stated:

[A]s we stated at the time of sentencing, the victim in this matter was vulnerable and helpless, a toddler completely dependent upon Appellant. He prayed upon that vulnerability in a violent manner, raping an innocent child. Here, although there was no trial and, therefore, no testimony to consider, the [c]ourt had the benefit of a [PSI] report prepared by the Carbon County Adult Probation Department. This detailed report provided the [c]ourt with relevant information regarding Appellant's character which was relied upon when making our sentencing decision. Furthermore, it was the PSI recommendation that Appellant be sentenced to undergo imprisonment in a state correctional institution for a period of not less than 240 months nor more than 480 months running consecutively to the sentence imposed by the United States District Court for the sexual exploitation of children. It was a recommendation with which counsel for the Commonwealth agreed. We note that section 9721(b) of the Sentencing Code provides that "the court shall follow the general principle that the sentence imposed should call for [. . .] confinement that is consistent with [. . .] the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and

- 13 -

on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Having been fully informed by the [PSI] report, a sentence of not less than 20 years nor more than 40 years for the rape of a two-year old child, which was within the standard range of the sentencing guidelines, is neither excessive nor an abuse of discretion.

Trial Ct. Op. at 12-13. The trial court further explained that

Appellant was sentenced in the United States District Court on October 9, 2018[,] to 270 months incarceration for sexual exploitation of children. In that case, Appellant produced videos and visual depictions of minors under the age of 12 years engaged in sexually explicit conduct. Appellant also transported and shared images of child pornography with others via social media applications.

Appellant's conviction in this [c]ourt is for a crime (rape of a child less than 13 years of age) which is separate and distinct from his conviction in federal court for the sexual exploitation of children. In the instant case, Appellant pleaded guilty to raping a two-year-old child. . . .

In the matter now before us, it is important to emphasize that the federal court's conviction for the sexual exploitation of children stems from the fact that Appellant engaged in sexually explicit conduct with toddler-aged children for the purpose of producing a visual depiction of such conduct, and that Appellant actually transported and shared these visual depictions using a means of interstate commerce. Appellant's rape conviction in this [c]ourt stems from the fact that he engaged in sexual intercourse with a two-year old child. Although the convictions in both state and federal court arise from an investigation concerning Appellant's involvement in the production, possession[,] and transmission of child pornography, they relate to entirely different offenses for which separate sentences are appropriate. Hence, for the reasons set forth hereinabove concerning the imposition of Appellant's sentence in this matter, we submit that this [c]ourt did not abuse its discretion in directing that Appellant's sentence be served consecutively to that imposed by the United States District Court.

*Id.* at 13-14.

- 14 -

Based on our review of the record, we discern no abuse of discretion by the trial court. **See Raven**, 97 A.3d at 1253. In addition to considering the PSI report, the record reflects that the trial court considered facts of the case, the sentencing guidelines and sentencing factors including Appellant's mental health history, Appellant's rehabilitative needs, and the need to protect the community.[10] **See Kurtz**, 294 A.3d at 536 (stating that "all the Sentencing Code requires is that the court consider all of the relevant factors when imposing the sentence" (citation omitted).

On this record, we have no basis to conclude that the trial court abused its discretion in imposing Appellant's sentence for rape of a child or that Appellant's sentence is unreasonable based on Appellant's conduct. **See Edwards**, 194 A.3d at 637-38; **see also Bankes**, 286 A.3d at 1310 (noting that a defendant who is convicted of multiple crimes is not entitled to a "volume discount" on his aggregate sentence by the imposition of concurrent sentences, and this Court will not disturb consecutive sentences unless the aggregate sentence is grossly disparate to the defendant's conduct or is patently unreasonable). Therefore, Appellant is not entitled to relief. For these reasons, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

_____

[10] **See** N.T. Sentencing Hr'g, 9/13/21, at 12-14.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/24/2024