J-S30043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN RAY BRADLEY | : | |
| | : | |
| Appellant | : | No. 123 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 29, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000076-2022

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: MARCH 7, 2025**

Appellant Kevin Ray Bradley appeals from the judgment of sentence entered by the Court of Common Pleas of Lycoming County after Appellant entered a *nolo contendere* plea ("*nolo* plea")[1] to Obstructing Administration of Law or Other Governmental Function and Harassment. Appellant's attorney, Nicole J. Spring, Esq. ("appellate counsel"), previously filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We denied appellate counsel's motion to withdraw and remanded for her to file an advocate's brief given there was a non-frivolous issue to appeal. Appellate counsel has filed an advocate's brief, arguing that Appellant should

---

[*] Former Justice specially assigned to the Superior Court.

[1] "[A] plea of *nolo contendere* is 'a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of sentencing to treat him as if he were guilty.'" ***Commonwealth v. V.G.***, 9 A.3d 222, 226 (Pa.Super. 2010) (quoting ***North Carolina v. Alford***, 400 U.S. 25, 36 (1970)) (other citation omitted).

be allowed to withdraw his *nolo* plea, which was based on trial counsel's erroneous advice. After careful review, we are constrained to affirm.

We previously summarized the factual background and procedural history of this case as follows:

> In June 2021, Appellant was initially charged with two counts each of Intercepting Communications (18 Pa.C.S.A. § 5703(1)) and Disclosure of Intercepted Communications (18 Pa.C.S.A. § 5703(2)), offenses defined in the Wiretapping and Electronic Surveillance Control Act ("Wiretap Act").[2] The prosecution alleged that Appellant had secretly recorded separate conversations with the Mayor of Williamsport, Pennsylvania and the Pennsylvania Supreme Court Deputy Prothonotary without their consent and uploaded those conversations to his YouTube channel. On December 29, 2023, the trial court granted the Commonwealth's uncontested motion to amend the information to add Counts 5 and 6 (Obstructing Administration of Law or Other Governmental Function and Harassment), both of which were graded as misdemeanors.
>
> On the same date, Appellant entered a negotiated *nolo contendere* plea to Obstructing Administration of Law or Other Governmental Function and Harassment. Appellant submitted a written plea colloquy in which he acknowledged that in entering this plea, he was "waiving [his] right to object to anything that [he thought] was improper or illegal in the apprehension and arrest, or in the investigation, and the prosecution of the charges against [him]." Written plea colloquy, 12/29/23, at 5. Appellant also acknowledged in the plea colloquy that an appeal of his plea agreement was limited to four grounds: (1) that his plea was not a knowing, understanding, and voluntary act, (2) that the trial court did not have jurisdiction to accept his plea, (3) that the sentence was improper, illegal, or in excess of the plea agreement, and (4) that his attorney was ineffective in improperly inducing the plea.

---

[2] All of the charges pursuant to Section 5703 were graded as felonies of the third degree. 18 Pa.C.S.A. § 5703.

At the plea hearing, the trial court specifically asked defense attorney Richard Coble, Esq. ("trial counsel") to confirm that Appellant was not contesting that the Commonwealth could present evidence to convict Appellant of the obstruction and harassment charges. Trial counsel agreed and noted that "[a]s *currently construed*, [Appellant] believes with the evidence that he would be convicted under the statute." Notes of Testimony (N.T.), 12/29/23, at 6 (emphasis added).

The trial court accepted Appellant's plea and sentenced him to three years' reporting probation.[3] Immediately following the sentencing, trial counsel advised the trial court that Appellant wished to appeal the constitutionality of the Wiretap Act. Trial counsel then requested that Appellant's sentence be deferred for thirty days to allow Appellant to appeal that issue. N.T., 12/29/23, at 6. The trial court's sentencing order indicates that Appellant's sentencing was deferred until January 30, 2024 to give Appellant the opportunity to appeal his sentence.

On January 22, 2024, Appellant filed a *pro se* notice of appeal. On January 24, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 30, 2024, Appellant filed a *pro se* concise statement, claiming trial counsel "gave bad advice and was incompetent" in advising Appellant to enter a *nolo contendere* plea when trial counsel knew that Appellant planned to appeal to challenge the constitutionality of Pennsylvania's Wiretap Act. Appellant also indicated that trial counsel had informed him after sentencing that he was not qualified to serve as an appellate attorney and had advised Appellant to retain other counsel to file an appeal or to seek the appointment of a public defender.

On February 7, 2024, Appellant filed a *pro se* motion to remove trial counsel from his representation and asserted that he would proceed *pro se* on appeal.[4] Appellant provided the trial

---

[3] The docket entries show that the four felony charges under Section 5703 were dismissed on the day Appellant entered his plea to Obstructing Administration of Law or Other Governmental Function and Harassment (both graded as misdemeanors).

[4] Although "*pro se* filings submitted by counseled defendants are generally treated as legal nullities," Appellant's pro se notice of appeal was properly

*(Footnote Continued Next Page)*

court with a copy of an email from trial counsel indicating that he would not represent Appellant on appeal. On March 1, 2024, trial counsel filed a petition to withdraw his representation, citing "a fundamental breakdown of the attorney-client relationship." Motion to Withdraw, 3/1/24, at 2.

On March 11, 2024, the trial court held a hearing to evaluate Appellant's request to proceed *pro se* pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d (1998). Thereafter, the trial court granted Appellant's motion to remove trial counsel and appointed the Public Defender's Office to represent Appellant on appeal. Appellate counsel filed a petition to withdraw her representation along with an **Anders** brief.

**Commonwealth v. Bradley**, ___A.3d___, 2024 WL 4631683 (Pa.Super. 2024).

On appeal, we determined that appellate counsel's brief complied with the procedural requirements attendant to **Anders**. However, in our independent review of the record, this Court determined that there was a non-frivolous issue not adequately addressed by counsel; Appellant had raised a *pro se* claim that trial counsel was ineffective in directing him to enter a *nolo* plea while informing him he could still appeal the constitutionality of the Wiretap Act. In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court noted that it appeared that Appellant entered his *nolo* plea "under the mistaken belief that, while admitting he understood the law as currently instructed, his no contest plea would be a vehicle to challenge the constitutionality of the law on appeal." Trial Court Opinion, 4/3/24, at 4.

---

docketed in this case to protect his right to appeal as Appellant was effectively unrepresented after the judgment of sentence was entered. **Commonwealth v. Williams**, 241 A.3d 353, 355 (Pa.Super. 2020) (citation omitted).

- 4 -

This Court acknowledged that as a general rule, "claims of ineffective assistance of counsel are to be deferred to PCRA review, … such claims should not be reviewed upon direct appeal." *Commonwealth v. Holmes*, 621 Pa. 595, 79 A.3d 562 (2013) (citing *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002)).  However, this Court also emphasized that our Supreme Court has made several exceptions to the general rule that ineffectiveness claims are only cognizable in a PCRA petition, including where the claim of ineffective assistance of counsel "is apparent from the record and meritorious to the extent that immediate consideration [of the claim] best serves the interests of justice."  *See Holmes*, 79 A.3d at 563-64.[5]

Appellate counsel had asserted in her *Anders* brief that this appeal was frivolous as the entry of Appellant's *nolo* plea waived his ability to raise his constitutional claims on appeal.  *See Commonwealth v. Eisenberg*, 626 Pa. 512, 98 A.3d 1268, 1275 (2014) (citation omitted) ("upon entry of a guilty plea, a defendant waives all claims and defenses other those "sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed").

---

[5] The *Holmes* court recognized a second exception to allow review of ineffectiveness claims on direct appeal "where there is good cause shown and the defendant has expressly and knowingly waived his right to seek PCRA review." *See id.* at 563-64.  Our Supreme Court has adopted a third exception, which "requir[es] trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 646 Pa. 27, 42, 183 A.3d 352, 361 (2018).  Neither of these exceptions is applicable.

Although appellate counsel noted that trial counsel may have been ineffective in giving Appellant erroneous advice that he could enter a *nolo* plea and subsequently raise a constitutional challenge on direct appeal, appellate counsel made no attempt to identify this as an issue of arguable merit or discuss whether this Court could review the ineffectiveness claim on direct appeal under **Holmes**. Further, appellate counsel failed to include any discussion of the fact that trial counsel had not assisted Appellant with filing a post-sentence motion or an appeal despite knowing that Appellant wished to pursue constitutional challenges to the statutes at issue.

Based on our review of the certified record, we could not conclude that Appellant's *pro se* attempt to challenge trial counsel's ineffectiveness on direct appeal was so clearly devoid of merit as to warrant classifying this appeal as frivolous. As such, we denied appellant counsel's application to withdraw and remanded for her to file an advocate's brief.[6] The Commonwealth was subsequently given an opportunity to file a responsive brief.

Appellate counsel frames the issue on appeal as follows:

> Was plea counsel ineffective for advising Appellant to enter a no contest plea to offenses when he was aware that Appellant wanted to appeal the constitutionality of the statutes with which

---

[6] The **Anders** procedure requires this Court to "conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) *(en banc)*. However, as this Court does not "act as counsel or otherwise advocate on behalf a party," this Court "need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them." **Id.**

he was originally charged; and therefore, should the Court review ineffectiveness claim on direct appeal and permit Appellant to withdraw his plea?

Appellant's Brief, at 7.

To reiterate, to allow for the review of an ineffectiveness claim on direct appeal under **Holmes**, the defendant must show that the ineffectiveness "is apparent from the record and meritorious to the extent that immediate consideration [of the claim] best serves the interests of justice." **Holmes**, 79 A.3d at 563-64. This Court has held that "a claim is not 'apparent from the record' where the trial court is required to schedule an evidentiary hearing to reach the merits of a defendant's ineffective assistance of counsel claims." **Commonwealth v. Watson**, 310 A.3d 307, 311 (Pa.Super. 2024).

The following principles are applicable to the review of claims of ineffectiveness of counsel:

> Counsel is presumed effective. **Commonwealth v. Fears**, 624 Pa. 446, 86 A.3d 795, 804 (2014). To succeed on a claim asserting the ineffective assistance of counsel, as is raised here, a petitioner must rebut that presumption by pleading and proving, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975-76 (1987). If a petitioner fails to satisfy any one of the three elements, [his] claim fails. **Commonwealth v. Brown**, 649 Pa. 293, 196 A.3d 130, 150-51 (2018).

**Commonwealth v. Rizor**, 304 A.3d 1034, 1051 (Pa. 2023).

Our courts have recognized that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial."

*Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa.Super. 2023). We note that "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Prieto*, 206 A.3d 529, 533–34 (Pa.Super. 2019) (citation omitted). Allegations of ineffectiveness in connection with the entry of a … plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Kehr*, 180 A.3d 754, 760 (Pa.Super. 2018) (quoting *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999)).

In this context, prejudice may be established by demonstrating a reasonable probability that [the defendant] would have opted to go to trial rather than plead guilty had he been given legally sound advice." *Commonwealth v. Barndt*, 74 A.3d 185, 199–200 (Pa.Super. 2013) (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985); *Commonwealth v. Rathfon*, 899 A.2d 365, 369-70 (Pa.Super. 2006)). "The reasonable probability test is not a stringent one"; it merely refers to "a probability sufficient to undermine confidence in the outcome." *Rathfon*, 899 A.2d at 370 (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super. 2002)).

In the advocate's brief filed after remand, appellate counsel argues that trial counsel's ineffectiveness is apparent from the record as the transcript of the plea/sentencing hearing demonstrates that trial counsel gave Appellant incorrect advice that rendered his plea unknowing.

However, even assuming *arguendo* that trial counsel's ineffectiveness is apparent in the certified record, appellate counsel did not include any discussion in her appellate brief to support a claim of prejudice.[7] While Appellant repeatedly claimed in his *pro se* filings that trial counsel was ineffective in advising him to enter a plea based on erroneous advice, it is not clear from the record whether Appellant would have chosen to go to trial had he known the entry of his *nolo* plea would preclude him from raising his constitutional challenges to the Wiretap Act on appeal. Appellant has never claimed in his *pro se* filings or counseled briefs that he would have rejected the plea offer and gone to trial had he possessed accurate information.[8]

As it is not apparent from the record whether Appellant can meet the prejudice prong of the ineffectiveness test, we may not review this ineffectiveness claim on direct appeal, but are constrained to defer this claim to collateral review. ***See Holmes***, ***supra***.

Judgment of sentence affirmed.

_____

[7] Appellate counsel does assert that prejudice in this case should be presumed as Appellant may have been actively or constructively denied counsel. However, she does not develop any analysis of this bald claim with respect to the facts in the case or seek any applicable remedy before this Court.

[8] Moreover, while appellate counsel asks this Court to allow Appellant to withdraw his plea, it is also unclear whether Appellant has been properly advised about the consequences of withdrawing his plea. As noted above, it appears that Appellant's four felony charges under the Wiretap Act were dismissed in exchange for Appellant's negotiated *nolo* plea to the two misdemeanor charges of Obstruction of the Administration of Justice and Harassment. Appellant may not be aware of the sentencing exposure he could face if he were permitted to withdraw his plea and the felony charges were reinstated.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/07/2025